1  GARTH T. VINCENT (SBN 146574)
   MUNGER, TOLLES & OLSON LLP
2  355 South Grand Avenue
   Thirty-Fifth Floor
3  Los Angeles, CA 90071-1560
   Telephone:  (213) 683-9100
4  Facsimile:  (213) 687-3702

5  AMY TOVAR (SBN 230370)
   MUNGER, TOLLES & OLSON LLP
6  560 Mission Street
   Twenty-Seventh Floor
7  San Francisco, CA 94105-2907
   Telephone:  (415) 512-4000
8  Facsimile:  (415) 512-4077

9  Attorneys for Defendants
   KAM HING ENTERPRISES, INC.; SUNHAM HOME
10 FASHIONS, LLC; HOWARD YUNG; and ARTHUR
   COURBANOU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| E&E CO., LTD., A California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KAM HING ENTERPRISES, INC.;<br>SUNHAM HOME FASHIONS, LLC; JJ<br>INTERNATIONAL TRADING<br>COMPANY; HOWARD YUNG,<br>ARTHUR COURBANOU; and DOES 1-<br>100, inclusive,<br><br>Defendants. | CASE NO. C08-00871<br><br>NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441<br><br>(Alameda Superior Court Case No. HG07360800) |

TO THE CLERK OF THE ABOVE ENTITLED COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that defendants Kam Hing Enterprises, Inc., Sunham Home Fashions, LLC, Howard Yung, and Arthur Courbanou (collectively "Defendants") hereby

4415542.1                                                                   NOTICE OF REMOVAL

remove the above-captioned matter, which was commenced as Case Number HG07360800 in the Superior Court of the State of California for the County of Alameda, to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332 and 1441. In support of this Notice of Removal, Defendants state the following:

1. Defendants first received a copy of the Complaint on January 9, 2008. Defendants' Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty days of receipt of the Complaint.

2. Plaintiff and Defendants are citizens of different states. None of the defendants is a citizen of California.

3. Defendants are informed and believe that Plaintiff E&E Co., Ltd. ("E&E") is a citizen of California. (Complaint ¶1).

4. Defendant Kam Hing Enterprises, Inc. ("Kam Hing") is a New York corporation with its principal place of business in New York.

5. Defendant Sunham Home Fashions, LLC ("Sunham") is a New York limited liability company with its principal place of business in New York. Sunham is wholly owned by Kam Hing, a New York corporation with its principal place of business in New York.

6. On information and belief, defendant JJ International Trading Company ("JJ International") is a business entity created pursuant to the laws of the Republic of Mauritius with its principal place of business in Macau and Hong Kong. (Complaint ¶5). On information and belief, JJ International has not been served with the complaint in this action.

7. Defendant Howard Yung is a citizen of New Jersey.

8. Defendant Arthur Courbanou is a citizen of New York.

9. "Doe" defendants are disregarded for purposes of the diversity inquiry in the context of removal. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

10. It is "facially apparent" from the complaint that the amount in controversy in this action exceeds the sum of $75,000 excluding costs and interest.[1] *Singer v. State Farm*

---

[1] In making this and other allegations contained herein, Defendants in no way concede that Plaintiff is entitled to recovery; to the contrary, Defendants do and will dispute the underlying claims in their entirety.

*Mutual Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Moreover, Defendants provide facts in this Notice of Removal that further establish that the jurisdictional amount is satisfied. *Id.*

11. Plaintiff alleges that Defendants directly compete with Plaintiff in the textile marketplace. (Complaint ¶10). According to Plaintiff, California is a "lucrative marketplace" for Defendants, representing "several millions of dollars" in sales. (Complaint ¶11). Plaintiffs allege that these sales result from purported unfair business practices that have caused Plaintiffs "competitive injury in the form of lost sales." (Complaint ¶19). In its first cause of action for unfair competition under Business and Professions Code section 17200 *et seq.*, Plaintiff seeks "full restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits that may have been obtained by the defendant as a result of" the alleged unfair business practices. (Complaint ¶19).

12. Among the unfair business practices alleged by Plaintiff is Defendants' purported use of shell corporations in China to evade taxes that should be paid in the United States. (Complaint ¶ 15). Plaintiff alleges that when Defendants pay for products for distribution in the United States, Defendants pay a 15% markup on all purchases to JJ International, which Plaintiff alleges is controlled by Defendants. *Id.* Plaintiff alleges that this markup allows Defendants to increase their costs of goods and lower their reported profits by approximately 15% on all transactions. *Id.* As a result, Plaintiff alleges, Defendants evade U.S. taxes which allows them to undersell Plaintiff by 15%. *Id.* Defendants' yearly purchases from JJ International significantly exceed $1,000,000.[2] The applicable statute of limitations period for Plaintiff's section 17200 claim is four years. *See* Bus. & Prof. Code § 17208. Thus, during the four years preceding this action, Plaintiff contends that it was undersold by more than $600,000[3] and is entitled to recover that amount or more. Although Plaintiff does not specify a dollar amount, its demand for relief makes clear that the amount in controversy is in excess of $75,000.

---

[2] This figure does not represent Defendants' actual yearly purchases. Rather, it reflects a portion of yearly purchases sufficient to demonstrate that the amount in controversy in this action readily exceeds the jurisdictional minimum.

[3] This figure reflects $1,000,000 (yearly purchases) multiplied by 15% (amount Plaintiff claims it was undersold) multiplied by four (number of years potentially at issue).

13.  In its second cause of action for restraint of trade under the Cartwright Act, Plaintiff seeks both treble damages and attorney's fees pursuant to California Business & Professions Code § 16750. (Complaint ¶25). These additional alleged sums bring the total amount in controversy even further in excess of $75,000. *See, e.g., Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998) (fees recoverable by statute may be included in determining the amount in controversy).

14.  Removal to this judicial district is proper under 28 U.S.C. § 1441(a) because the place where this action was originally pending is within this judicial district. Removal to this Division is appropriate because the case was commenced in Alameda County.

15.  On information and belief, all defendants who have been served in the state court action join in this Notice of Removal.

16.  The following constitutes all of the process, pleadings, and other papers served on Defendants in this action, true and correct copies of which are attached hereto and incorporated herein:

Exhibit A:   Complaint

Exhibit B:   Summons

BASED ON THE FOREGOING, Defendants hereby remove this action, now pending in the Superior Court of the State of California for the County of Alameda, to the United States District Court for the Northern District of California.

Dated: February 8, 2008

Munger, Tolles & Olson LLP
GARTH T. VINCENT
AMY TOVAR

By: _____
AMY TOVAR

Attorneys for Defendants
KAM HING ENTERPRISES, INC.;
SUNHAM HOME FASHIONS, LLC;
HOWARD YUNG; and ARTHUR
COURBANOU

# EXHIBIT A

01/09/2008 11:39 FAX 14153510407    NATIONWIDE                              ☒004/020

1  SHARTSIS FRIESE LLP
   ROBERT CHARLES WARD (Bar #160824)
2  One Maritime Plaza, Eighteenth Floor
   San Francisco, CA 94111
3  Telephone: (415) 421-6500
   Facsimile: (415) 421-2922
4  Email: rward@sflaw.com
   Attorneys for Plaintiff E&E CO., LTD.

**ENDORSED**
**FILED**
ALAMEDA COUNTY

DEC  2 2007

CLERK OF THE SUPERIOR COURT
By Esther Coleman, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF ALAMEDA

| | |
|---|---|
| E&E CO., LTD., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>KAM HING ENTERPRISES INC.; SUNHAM HOME FASHIONS, LLC; JJ INTERNATIONAL TRADING COMPANY; HOWARD YUNG; ARTHUR CORBANOU; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. **HG07360800**<br><br>**COMPLAINT FOR UNFAIR COMPETITION**<br><br>**BY FAX** |

Plaintiff E&E CO., LTD. alleges as follows:

1. Plaintiff E&E Co., Ltd. ("E&E") is a California corporation with its principal place of business in Fremont, California.

2. On information and belief, defendant Kam Hing Enterprises Inc. ("Kam Hing") is a New York corporation with its principal place of business in New York, New York.

3. On information and belief, defendant Sunham Home Fashions, LLC ("Sunham Home") is a New York limited liability company with its principal place of business in New York, New York.

4. On information and belief, Kam Hing and Sunham Home are affiliated companies with common ownership. Kam Hing and Sunham Home will be referred to collectively as the

-1-
COMPLAINT FOR UNFAIR COMPETITION

1  "Sunham Group."

2  5. On information and belief, defendant J.J. International Trading Company ("JJ International") is a business entity created pursuant to the laws of the Republic of Mauritius with its principal places of business in Macau and Hong Kong.

5  6. On information and belief, defendant Howard Yung ("Yung") is the Chief Executive Officer of Kam Hing and an owner of the Sunham Group.

7. On information and belief, defendant Arthur Corbanou ("Corbanou") is the Chief Operating and Chief Financial Officer of Kam Hing and is an owner of the Sunham Group.

8. The true names and capacities of Defendants Does 1-100, inclusive, are unknown to the Plaintiff. Plaintiff therefore sues Defendants by such fictitious names. Plaintiff is informed and believes and based thereon alleges that each of the Defendants designated herein as Does are legally responsible in some manner for the events and happenings herein referred to and caused injuries and damages as alleged by Plaintiff hereto.

9. Each of the Defendants was the agent or employee of the other defendants and in doing the acts alleged herein was acting within the course and scope of such agency or employment.

10. The Sunham Group is a distributor in the textiles marketplace, competing directly with E&E. Both purchase goods from Chinese manufacturers. Both sell goods to major U.S. retailers, including major retailers in the State of California.

11. The Sunham Group purchases goods in China and sells them to retailers in the United States, including major retailers based in California. On information and belief, the majority of the goods imported into the United States by the Sunham Group are imported through ports in the State of California. The Sunham Group sells several million dollars of textile goods that ultimately are sold in retail stores in California. On information and belief, the Sunham Group sells to retailers whose principal place of business is in California, including for example, Mervyns LLC, which is headquartered in Alameda County. On information and belief, the Sunham Group also sells textile goods to Bed Bath & Beyond, Macy's, Kohl's, and Linens-n-Things, who collectively have dozens of retail stores in California and each of whom has retail

- 2 -
COMPLAINT FOR UNFAIR COMPETITION

01/09/2008 11:40 FAX 14153510407    NATIONWIDE    ☒006/020

stores in Alameda County. On information and belief, the Sunham Group transacts business in California, including sending sales personnel to meet with California-based retailers.

12. On information and belief, California is the Sunham Group's largest and most lucrative marketplace of the 50 states. Also, because of the State of California's rigorous consumer protection regulations, the quality and safety standards in the textile industry are largely established in California. The Sunham Group, therefore, specifically designs goods for sale in the State of California.

13. On information and belief, in an effort to maintain its market share against competitors such as E&E, the Sunham Group engages in certain illegal and/or unfair business practices.

14. For example, on information and belief, the Sunham Group demands exclusive dealing arrangements with some manufacturers in China. On information and belief, the Sunham Group extracts agreements from manufactures that they will only sell certain products to Sunham's competitors. The Sunham Group has singled out E&E and demanded that Chinese companies with whom the Sunham Group does business not do business with E&E. On information and belief, some manufacturers in China have agreed not to sell products to E&E in response to the Sunham Group's demands.

15. On information and belief, another example of the Sunham Group's unfair business practices which give the Sunham Group an inappropriate advantage in the textile distribution marketplace is the Sunham Group's use of shell corporations in China to hide revenue and to evade taxes that should otherwise be paid in the United States. On information and belief, the Sunham Group contracts with defendant JJ International to serve as the Sunham Group's exclusive overseas agent for purposes of sourcing product, primarily in China. On information and belief, when the Sunham Group pays for products for distribution in the United States, the Sunham Group pays a 15% markup on all such purchases to JJ International. On information and belief, while JJ International ostensibly is independent from the Sunham Group, JJ International is a sham company whose board members and officers include members of defendant Howard Yung's family. On information and belief, Kam Hing's CEO Yung actually

- 3 -
COMPLAINT FOR UNFAIR COMPETITION

01/09/2008 1:40 FAX 14153510407          NATIONWIDE                    ☒007/020

1 controls JJ International and he and other owners of the Sunham Group receive most of the profits
2 of JJ International. On information and belief, JJ International was created specifically for the
3 purpose of evading U.S. tax obligations. On information and belief, the Sunham Group therefore
4 falsely increases its cost of goods and lowers its reported profits by approximately 15% on all
5 transactions. As a result, the Sunham Group unlawfully evades taxes that would otherwise be
6 paid to the Internal Revenue Service. On information and belief, as a result of the Sunham
7 Group's unlawful tax evasion, the Sunham Group has a competitive advantage and can undersell
8 competitors such as JLA, competitors who pay the taxes that they owe rather than unlawfully
9 evade such obligations.

10    16.    On information and belief, defendant Yung is the primary beneficiary of the
11 Sunham Group's tax evasion scheme. On information and belief, defendant Corbanou is the
12 accountant whom Yung asked to devise a tax evasion scheme. Yung and Corbanou all benefit
13 financially -- and unjustly -- from the Sunham Group's tax evasion scheme and both are aware
14 that JJ International is a sham and that the Sunham Group's tax evasion scheme is not lawful.

15                          **FIRST CAUSE OF ACTION**
16                      (Unfair Competition – B&P Code § 17200)
17                            (Against All Defendants)

18    17.    Plaintiff realleges and incorporates by reference the allegations of paragraphs 1
19 through 16, inclusive, as if set forth in full herein.

20    18.    The Sunham Group engages in unfair and/or unlawful business practices which
21 include those practices described in paragraphs 14 and 15 above.

22    19.    As a direct, proximate, and foreseeable result of defendants' wrongful conduct, as
23 alleged above in Paragraphs 14 and 15, E&E has suffered competitive injury in the form of lost
24 sales. Legitimate California textiles distributors who do not enter into exclusive dealing
25 arrangements and who do not unlawfully evade tax obligations have lost and will continue to lose
26 sales to a company which does engage in such unlawful and/or unfair practices. Plaintiff is
27 entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profits,
28 compensation, and benefits that may have been obtained by the defendant as a result of such

- 4 -
COMPLAINT FOR UNFAIR COMPETITION

01/09/2008 17:41 FAX 14153510407     NATIONWIDE                              ☒008/020

unfair business acts or practices.

20. The defendants' acts hereinabove alleged are acts of unfair competition within the meaning of Business and Professions Code section 17203. Plaintiff is informed and believes that defendants will continue to do those acts unless the Court orders defendants to cease and desist.

## SECOND CAUSE OF ACTION

### (Restraint of Trade – Cartwright Act)

### (Against Sunham Group and Does 11-20)

21. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 16, inclusive, as if set forth in full herein.

22. The Sunham Group sells products directly in competition with plaintiff to a significant portion of plaintiff's customers or potential customers.

23. As alleged in Paragraph 14 above, Defendants or their agents wrongfully demand exclusive dealing arrangements with some manufacturers in China, and specifically require that certain manufacturers not do business with plaintiff. On information and belief, some manufacturers in China have agreed not to sell products to E&E in response to the Sunham Group's demands.

24. As a direct consequence of the acts of defendants, and each of them, competition in the textile market has been restrained and suppressed; the price of textile goods has been affected and plaintiff, a direct competitor, has been deprived of the benefit of a fair, free and competitive market. Plaintiff is unable to state its damages with precision at this time, since that determination will require discovery and accounting analysis of defendants' books and records.

25. Under Section 16750(a) of the Business and Professions Code, plaintiff is entitled to interest on the aforementioned sum from the date of service of this complaint until entry of judgment thereon, to their reasonable attorney's fees, and to treble damages.

26. Defendants' continuing wrongful conduct as alleged above, unless and until restrained by order of this court, will cause great and irreparable harm to plaintiff's ability to competitively sell its textile merchandise.

27. Plaintiff has no adequate remedy at law for the injuries currently being suffered or

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

01/09/2008 41 FAX 14153510407        NATIONWIDE                           ☒009/020

which will result in the future from defendants' continued wrongful conduct in that it would be prohibitively costly to file a lawsuit to enforce each infraction. In addition, damages flowing from the artificial restraint of the free market as set forth above are difficult if not impossible to ascertain.

### PRAYER

Plaintiff prays for judgment against Defendants as follows:

1. For damages in an amount to be proven at trial;
2. For statutory damages as provided by law;
3. For punitive damages and a sum sufficient to punish and make an example of Defendants;
4. For preliminary and permanent injunctive relief;
5. For costs of suit;
6. For prejudgment interest;
7. For attorney's fees; and
8. For such further relief as the Court deems just and proper.

DATED:   December 11, 2007              SHARTSIS FRIESE LLP

                                        By: /s/ Robert Charles Ward
                                            ROBERT CHARLES WARD

                                        Attorneys for Plaintiff

6197\007\RWARD\1467425.4

-6-
COMPLAINT FOR UNFAIR COMPETITION

# EXHIBIT B

# SUMMONS
## (CITACION JUDICIAL)

FOR COU... (SOLO PARA ...)


*5927033*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
KAM HING ENTERPRISES INC.; SUNHAM HOME FASHIONS, LLC; JJ INTERNATIONAL TRADING COMPANY; HOWARD YUNG; ARTHUR CORBANOU; and DOES 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
E&E CO., LTD.

FILED
ALAMEDA COUNTY
DEC 12 2007
CLERK OF THE SUPERIOR COURT
By _____, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Alameda County Superior Court
24405 Amador Street
Hayward, CA 94544

CASE NUMBER: *(Número del Caso):* **HG07360800**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert Charles Ward (160824)    (415) 421-6500    (415) 421-2922
Shartsis Friese LLP
One Maritime Plaza, 18th Fl.
San Francisco, CA 94111

DATE: *(Fecha)* DEC 12 2007    PAT S. SWEETEN    Clerk, by _____, Deputy
                                                *(Secretario)*              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
E&E CO., LTD.

## DEFENDANTS
Kang Hing Enterprises, Inc.; Sunham Home Fashions, LLC. et al.

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Robert Charles Ward
Shartsis Friese LLP
One Maritime Plaza, 18th floor, San Francisco, CA 94111
(415) 421-6500

Attorneys (If Known)
Garth T. Vincent & Amy Tovar (213 683-9100 & 415 512-4000)
Munger, Tolles & Olson LLP
353 S. Grand Ave, 35th fl, Los Angeles, CA 90071-1560
560 Mission Street, 27th fl, San Francisco, CA 94105-2907

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X' in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State. | [x] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| [ ] 110 Insurance | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury— Product Liability | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | | | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | PERSONAL PROPERTY | [ ] 640 R.R.& Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| | | | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA(1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [x] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| | | | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence Habeas Corpus: | | FEDERAL TAX SUITS | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | | | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | IMMIGRATION | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities – Other | [ ] 550 Civil Rights | [ ] 463 Habeas Corpus - Alien Detainee | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | | |
| | [ ] 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332 and 1441
Brief description of cause:
unfair competition and restraint of trade

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
- [x] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE

DATE: February 8, 2008
SIGNATURE OF ATTORNEY OF RECORD: Amy Tovar

American LegalNet, Inc.
www.FormsWorkflow.com