GARTH T. VINCENT (SBN 146574)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone:    (213) 683-9100
Facsimile:    (213) 687-3702
Email: *garth.vincent@mto.com*

AMY TOVAR (SBN 230370)
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA 94105-2907
Telephone:    (415) 512-4000
Facsimile:    (415) 512-4077
Email: *amy.tovar@mto.com*

Attorneys for Defendants
KAM HING ENTERPRISES, INC.; SUNHAM HOME
FASHIONS, LLC; HOWARD YUNG; and ARTHUR
COURBANOU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| E&E CO., LTD., A California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KAM HING ENTERPRISES, INC.; SUNHAM HOME FASHIONS, LLC; JJ INTERNATIONAL TRADING COMPANY; HOWARD YUNG, ARTHUR COURBANOU; and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO. 3:08-CV-00871-MMC<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT AND STRIKE PRAYER FOR RELIEF** |

The Motion of Defendants Kam Hing Enterprises, Inc., Sunham Home Fashions, LLC, Howard Yung, and Arthur Courbanou for an Order Dismissing Plaintiff's Complaint and Striking Its Prayer For Relief came on for hearing before the Court on April 11, 2008.

The Court, having considered all of the pleadings, evidence and argument of counsel submitted in support of and opposition to the Motion, and good cause appearing therefor, hereby ORDERS that:

[1]    Defendants' motion to dismiss Plaintiff's First Cause of Action for "Unfair Competition" under California Business & Professions Code § 17200 is GRANTED. The cause of action fails to state a claim upon which the Court may grant Plaintiff relief. Fed. R. Civ. Proc. 12(b)(6). Plaintiff has not stated a claim of an "unlawful" or "unfair" business practice under § 17200. Plaintiff has failed to allege that Defendants violated any underlying law. *Berryman v. Merit Property Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554 (2007) ("a violation of another law is a predicate for stating a cause of action under the UCL's unlawful prong"). Moreover, Plaintiff has failed to allege that Defendants acted unfairly by engaging in "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech Commc'ns, Inc., v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999).

[2]    Defendants' motion pursuant to Federal Rule of Civil Procedure (12)(f) to strike Plaintiff's prayer for "restitution and/or disgorgement," on the ground that Plaintiff cannot recover these remedies as a matter of law, is GRANTED. Plaintiff failed to plead that it suffered any injury which would entitle it to monetary relief under § 17200. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149-50 ("restitution is the only monetary remedy expressly authorized" by § 17200); *Jensen Enters., Inc. v. Oldcastle, Inc.*, No. C 06-00247 SI, 2006 WL 2583681, at *8 (N.D. Cal. Sept. 7, 2006) (lost sales and profits do not form the basis of a cognizable claim for restitution under §17200).

[3]    Defendants' motion to dismiss Plaintiff's Second Cause of Action for "Restraint of Trade" under California Business & Professions Code §§ 16720 *et seq.* is

1  GRANTED.  The cause of action fails to state a claim upon which the Court may grant Plaintiff
2  relief.  Fed. R. Civ. Proc. 12(b)(6).  Plaintiff failed to plausibly allege: (1) the formation and
3  operation of a conspiracy; (2) illegal acts done pursuant thereto; and (3) damage proximately
4  caused by such acts.  *Kolling v. Dow Jones & Co., Inc.*, 137 Cal. App. 3d 709, 718 (1982).  For
5  example, Plaintiff failed to plausibly allege that the exclusive dealing arrangements Defendants'
6  allegedly formed with manufactures harmed competition.  *Jefferson Parish Hosp. Dist. No. 2 v.*
7  *Hyde*, 466 U.S. 2, 44 (1984) (O'Connor, J. concurring) ("Exclusive dealing is an unreasonable
8  restraint on trade only when a significant fraction of buyers or sellers are frozen out of a market
9  by the exclusive deal.").  Just as in *Jefferson Parish*, "[e]ven without engaging in a detailed
10  analysis of the size of the relevant markets we may readily conclude that there is no likelihood
11  that the exclusive dealing arrangement challenged here" will substantially harm competition in
12  the market.  466 U.S. at 46.

13          [4]     Defendants' motion to dismiss Plaintiff's First and Second Causes of
14  Action as to Defendants Howard Yung and Arthur Courbanou pursuant to Federal Rule of Civil
15  Procedure 12(b)(2), on the ground that the Court lacks a proper basis for asserting personal
16  jurisdiction over either individual, is GRANTED.  Plaintiff failed to establish that Defendants
17  Howard Yung and Arthur Courbanou have sufficient "minimum contacts with [California] such
18  that the maintenance of the suit does not offend 'traditional notions of fair play and substantial
19  justice.'"  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*,
20  311 U.S. 457, 463 (1940)).

21          IT IS SO ORDERED.

23  Dated: _____

25                                          _____
                                            UNITED STATES DISTRICT JUDGE