IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E&E CO., LTD., a California corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>KAM HING ENTERPRISES, INC., et al.<br><br>    Defendants.<br>_____/ | No. C-08-0871 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; VACATING HEARING** |

    Before the Court is the motion filed March 7, 2008 by defendants Kam Hing Enterprises, Inc., Sunham Home Fashions, LLC (hereafter, collectively, "Sunham Group")[1], Howard Yung ("Yung"), and Arthur Courbanou ("Courbanou") to dismiss plaintiff's Complaint pursuant to Rules 12(b)(6) and 12(b)(2) of the Federal Rules of Civil Procedure and to strike, in part, plaintiff's prayer for relief pursuant to Rule 12(f). Plaintiff E&E Co., Ltd. has filed opposition, to which defendants have replied. Having considered the parties' submissions in support of and in opposition to the motion, the Court hereby VACATES the April 25, 2008 hearing on the matter, and rules as follows.

    With respect to plaintiff's claim under California's Cartwright Act, Cal. Bus. & Prof. Code § 16700, et seq. (hereafter "Cartwright Act"), contrary to plaintiff's argument, plaintiff has not alleged a group boycott among direct competitors, which allegation would

---

[1] In the Complaint, plaintiff refers to the two entities collectively as "Sunham Group." (See Compl. ¶ 4.) Defendants, while noting that Ham King Enterprises, Inc. and Sunham Home Fashions, LLC are "distinct entities with separate business operations," (see Mot. at 3 n.1), have adopted plaintiff's terminology for purposes of the instant motion, (see id.).

1 constitute a per se violation of the Cartwright Act.  See, e.g., NYNEX Corp v. Discon, Inc.,
2 525 U.S. 128, 135 (1998) (holding group boycott constitutes per se violation of antitrust law
3 only if the boycott "involv[es] horizontal agreements among direct competitors"); see also
4 Nova Designs, Inc. v. Scuba Retailers Assoc., 202 F.3d 1088, 1092 (9th Cir. 2000) (holding
5 per se rule for group boycotts does not apply to agreement between entities that are not
6 competitors).  Here, plaintiff has alleged exclusive agreements between the Sunham
7 Group, alleged to be a distributor, (see Compl. ¶ 10), and "some manufacturers in China,"
8 (see id. ¶ 14); such agreements constitute vertical rather than horizontal restraints.  See,
9 e.g., Exxon Corp. v. Superior Court, 51 Cal.App.4th 1672, 1680 (1997) (defining "vertical
10 restraints" as those "imposed by persons or firms further up the chain of distribution of a
11 specific product . . . than the enterprise restrained"; holding "[v]ertical non-price restraints
12 are tested under the rule of reason").

13      Further, plaintiff has failed to state a claim under "rule of reason analysis," because
14 plaintiff fails to identify the relevant market, and, additionally, fails to allege defendant has
15 market power within such market.  See, e.g., Newcal Industries, Inc. v. IKON Office
16 Solution, 513 F.3d 1038, 1044 (9th Cir. 2008) (holding, in order to state valid antitrust claim,
17 "a plaintiff must allege that the defendant has market power within a 'relevant market'");
18 Tanaka v. University of Southern California, 252 F.3d 1059, 1062-63 (9th Cir. 2001)
19 (affirming dismissal, under "rule of reason analysis," where plaintiff failed to identify an
20 "appropriately defined" market and failed to allege defendant's conduct had "significant
21 anticompetitive effects within a relevant market, however defined").

22      With respect to plaintiff's claim under the California Unfair Competition Law, Cal.
23 Bus. & Prof. Code § 17200, et seq. (hereafter "UCL"), plaintiff's allegations are insufficient
24 to satisfy the "unlawful" prong, for the reason that allegations of illegality must be
25 accompanied by reference to a particular statute.  See, e.g., Berryman v. Merit Property
26 Management, Inc., 152 Cal.App.4th 1544, 1554 (2007) (holding violation of other law
27 required for pleading cause of action under UCL "unlawful" prong); see also Certain
28 Underwriters at Lloyd's, London v. Real Estate Professionals Insur. Co., 2007 WL 4249078

at *7 (C.D. Cal. 2007) (dismissing with leave to amend based on plaintiff's failure to identify the statute or statutes allegedly violated).  Plaintiff's allegations likewise are insufficient to satisfy the "unfair" prong of the UCL, for the reason that plaintiff has failed to allege a violation of the Cartwright Act.  See <u>Cal-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.</u>, 20 Cal.4th 163, 187 (1999) (holding, in UCL, "'unfair' means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws").[2]

Further, to the extent defendants move to strike plaintiff's prayer for restitution under the UCL, plaintiff states it "does not dispute" that it has failed to plead sufficient facts to support such form of recovery.  (<u>See</u> Opp'n at 23 n. 11.)

Lastly, because the Complaint will be dismissed for failure to state a claim, the Court does not reach defendants' alternative argument that the claims against defendants Yung and Courbanou are subject to dismissal for lack of personal jurisdiction.

Accordingly, for the reasons stated:

1. To the extent defendants seek to dismiss the Complaint pursuant to Rule 12(b)(6) and to strike the above-referenced prayer pursuant to Rule 12(f), the motion is GRANTED; the Complaint is DISMISSED and such prayer is STRICKEN, with leave to amend to cure the above-noted deficiencies.  Any amended complaint must be filed no later than May 16, 2008.

2. To the extent defendants move to dismiss defendants Yung and Courbanou pursuant to Rule 12(b)(2), the motion is DENIED as moot, without prejudice to defendants refiling such a motion, in the event either Yung or Courbanou is named in an amended complaint.

**IT IS SO ORDERED.**

Dated: April 29, 2008

MAXINE M. CHESNEY
United States District Judge

---

[2] Plaintiff has not alleged a violation of the UCL under the "fraudulent" prong. (See Compl. ¶¶ 18-20.)