SHARTSIS FRIESE LLP
ROBERT CHARLES WARD (Bar #160824)
rward@sflaw.com
JAMES P. MARTIN (Bar #170044)
jmartin@sflaw.com
FELICIA A. DRAPER (Bar #242668)
FDraper@sflaw.com
One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111
Telephone: (415) 421-6500
Facsimile: (415) 421-2922

Attorneys for Plaintiff
E&E Co., Ltd., a California corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| E&E CO., LTD., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>KAM HING ENTERPRISES, INC., SUNHAM HOME FASHIONS, LLC, JJ INTERNATIONAL TRADING COMPANY, HOWARD YUNG, ARTHUR COURBANOU, and DOES 1-100 inclusive,<br><br>Defendants. | Case No. 3:08-00871 MMC<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date: August 1, 2008<br>Time: 9:00 a.m.<br>Judge: Hon. Maxine M. Chesney<br>Courtroom: 7, 19th Fl. |

Plaintiff E&E Co., Ltd. ("E&E") hereby objects to the evidence offered by Defendants Kam Hing Enterprises, Inc., Sunham Home Fashions, LLC, JJ International Trading Company, Howard Yung, and Arthur Courbanou in their Request for Judicial Notice In Support of Defendants' Motion To Dismiss First Amended Complaint ("Request for Judicial Notice").

Defendants seek judicial notice of information purportedly from a document Defendants represent is published online by the United States Department of Commerce, International Trade Administration, Office of Textiles and Apparel, allegedly discussing "Non-Apparel Imports" ("Report"). The Report does not meet the requirements of Federal Rule of Evidence 201(b) and

1  therefore taking judicial notice of the Report is not appropriate.

2  Federal Rule of Evidence 201(b) permits a court to take judicial notice of a fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." While a court may properly take judicial notice of matters of public record, including records and reports of administrative bodies, it may not do so where the accuracy or reliability of that source is reasonably in dispute. *Mack v. South Bay Beer Distributors, Inc.*, 798 F. 2d 1279, 1282 (9th Cir. 1986) (overruled on other grounds); *Jespersen v. Harrah's Operating Co.*, 444 F.3d 1104, 1110 (9th Cir. 2006). E&E does not concede that the Report is accurate or reliable and there is no evidence establishing the accuracy or reliability of the information contained in the Report. *Wallace v. BCS Ins. Co.*, 2008 U.S. Dist. LEXIS 2735 (E.D. Cal. Jan. 14, 2008) (denying request for judicial notice where plaintiffs did not concede authenticity or accuracy of document).

The Report includes facts that are subject to a reasonable dispute. Considering the contents of the Report at this time would constitute converting the present motion to a motion for summary judgment. *Mack,* 798 F.2d at 1282. E&E is entitled to introduce evidence to contradict the information in the Report. The facts contained in the Report are not generally known within the territorial jurisdiction of the trial court, nor are the facts capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Here, the size of the relevant market and Defendants' market power are not merely "background material." They are important factual disputes that will be the subject of discovery in this case and evidence presented by both parties.

Defendants cite two cases in support of their argument that the Court should take judicial notice of facts contained in the Report. *See Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F. 3d 1048, 1052 (9th Cir. 2007) and *Mullis v. United States Bankruptcy Court*, 828 F. 2d 1385, 1388 (9th Cir. 1987). Neither case involved judicial notice of a government report, presenting statistics that themselves may be disputed or which have been compiled and presented in ways subject to debate. Rather, in those cases, courts took judicial notice of <u>pleadings</u> on file

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1  in the underlying actions in those cases, which pleadings are not subject to reasonable dispute.
2  *See Intri-Plex Technologies*, 499 F. 3d at 1052 (taking judicial notice of state court complaint,
3  stipulated protective order and request for dismissal); *Mullis*, 828 F. 2d at 1388 (taking judicial
4  notice of pleadings, orders and other papers on file in underlying bankruptcy case). The pleadings
5  on file in an administrative or judicial proceeding differ materially from unverified online reports
6  purportedly from administrative agencies, which Reports contain facts that are the subject of
7  reasonable dispute.

8        Although a court may take judicial notice of the fact that an administrative agency has
9  published a report, the court may not take judicial notice of the truth of the information in the
10 report. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (district court reversed for
11 taking judicial notice of disputed contents of public record); *Belodoff v. Netlist, Inc.*, 2008 U.S.
12 Dist. LEXIS 45289 (C.D. Cal. May 30, 2008); *Aaron v. Aguirre*, 2007 U.S. Dist. LEXIS 16667,
13 *33 (S.D. Cal. Mar. 8, 2007). Here, Defendants request that the Court take judicial notice not just
14 of the Report, but of <u>facts</u> contained in the Report that constitute disputed matters. Defendants
15 seek to introduce the Report to prove the truth of the information contained in the Report; i.e., the
16 annual dollar value of various imports from China into the United States. This is exactly the
17 mistake made by the trial court in *Lee*. 250 F3d at 689. Such a request for judicial notice is
18 improper because the truth of the information contained in the Report is subject to reasonable
19 dispute and its accuracy can be questioned. *See Belodoff*, 2008 U.S. Dist. LEXIS 45289 (taking
20 judicial notice of the fact that a prospectus was disclosed to the market, but not the truth of the
21 matters asserted therein); *In re Silicon Graphics Inc. Securities Litigation,* 185 F.3d 970, 986 (9th
22 Cir. 1999) (same - - notice can be taken of what is said in a public document but not its truth),
23 *Ass'n of Irritated Residents*, 2008 U.S. Dist. LEXIS 25257 (taking judicial notice as to the
24 existence of an EPA report and scientific articles, but denying request for judicial notice of
25 contents thereof).

26       Judicial notice is also improper in this case because Defendants seek to rely on the facts
27 contained in the Report as conclusive evidence of a material factual dispute between the parties:
28 the size of the market and the market power of Kam Hing Enterprises, Inc. and Sunham Home

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1 Fashions, LLC.  *See* Request for Judicial Notice, at p. 3 lines 9-28.  However, *United States v.*

2 *14.02 Acres* prohibits taking judicial notice for that purpose.  2008 U.S. App. LEXIS 13309 (9th

3 Cir. June 24, 2008).  In *United States v. 14.02 Acres*, the court took judicial notice of a

4 Department of Education study, but found that taking judicial notice of that study was proper

5 where the study was referred to "only as background material, without relying on it to resolve any

6 factual dispute."  *Id.* at *22.  Taking judicial notice of facts in the Report to influence a factual

7 dispute is precisely what Defendants attempt to do in their Request for Judicial Notice, and is

8 exactly what *United States v. 14.02 Acres* and the other cases cited above prohibit.  The size of

9 the relevant market and whether or not Defendants possess market power within a properly

10 defined market are disputed facts.

11       The Court should not take judicial notice of the trust of the contents of the Report.  Even if

12 the Court were to do so essentially converting this motion to summary judgment, the Report in

13 question is not relevant.  E&E disputes that the information contained in the Report provides <u>any</u>

14 evidence of the size of the <u>relevant market</u>.  The Headnotes to the Major Shippers Report relied

15 on by Defendants demonstrate that the information is not accurate or reliable for purposes of

16 determining the size of the relevant market in this case because the import statistics include goods

17 imported into warehouses in the United States for temporary storage, which goods are later

18 exported out of the United States and into other countries.

19       **DEFINITIONS:**
      **General Import Statistics:**
20       All imports received in a given period of time, regardless of date of export, which
      have been
21       Entered directly for consumption in the United States, or
22       Entered into warehouse for temporary storage.
      These shipments may either be subsequently reexported
23       or ultimately entered for consumption.

24 *See* http://otexa.ita.doc.gov/msrintro.htm

25       The statistics relied on by Defendants do not evidence of the size of the relevant market in

26 this case because the categories in the Report are over-inclusive.  *Santa Monica Food Not Bombs*

27 *v. City of Santa Monica*, 450 F.3d 1022, 1024 n.2 (9th Cir. Cal. 2006) (declining to take judicial

28

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1  notice of two reports that were not relevant to the issues in the case.)  In addition to including
2  goods that are imported into the United States and then reexported to other countries for
3  consumption, the Report also includes goods such as high-end and low-end bedding products that
4  are not part of the relevant market in this case.  E&E does not allege that the relevant market is
5  "all cotton bedspreads, quilts, sheets and pillow cases," but instead defines the market more
6  narrowly.  In its FAC, E&E properly defines the relevant market by goods, geography,
7  competitors and customers: (1) mid-quality, low-cost, top-of-the-bed linens, (2) manufactured in
8  China, (3) sold by intermediary distributors based in the U.S. with presences and relationships
9  with suppliers in China (such as E&E and the Sunham Defendants), and (4) to bulk-purchaser,
10 value-oriented, direct retailers or warehouse stores in the United States.[1] FAC, ¶ 2.  Discovery is
11 required in this case to determine the Defendants' market power within the properly defined
12 market, and the statistics in the Report are irrelevant to this case because they include a variety of
13 goods that are not within the relevant market.  To the extent the Report contains any evidence
14 reflecting the size of the relevant market, E&E must be provided with an opportunity to present
15 material facts to contradict such evidence.

16    The law is clear that the Report is not properly the subject of judicial notice under Federal
17 Rule of Evidence 201(b).  As such, the Court should deny Defendants' Request for Judicial
18 Notice of the Report.

19 DATED:     July 17, 2008                                SHARTSIS FRIESE LLP

21                                                                    By: */s/ Robert Charles Ward*
22                                                                              ROBERT CHARLES WARD

23                                                                    Attorneys for Plaintiff
                                                                      E&E Co., Ltd., a California corporation

25 6197\007\1521650.4

---

[1] "It is legally permissible to premise antitrust allegations on a submarket."  *See* E&E's Opposition to Defendants' Motion to Dismiss at p. 23; *citing Newcal Industries, Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1045 (9th Cir. 2008); *Brown Shoe Co. v. United States*, 370 U.S. 294, 325 (1962).

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

```
 1  SHARTSIS FRIESE LLP
    ROBERT CHARLES WARD (Bar #160824)
 2  rward@sflaw.com
    One Maritime Plaza, Eighteenth Floor
 3  San Francisco, CA 94111
    Telephone: (415) 421-6500
 4  Facsimile: (415) 421-2922

 5  Attorneys for Plaintiff
    E&E Co., Ltd., a California corporation
 6

 7
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| E&E CO., LTD., a California corporation,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>KAM HING ENTERPRISES, INC.; SUNHAM HOME FASHIONS, LLC; JJ INTERNATIONAL TRADING COMPANY; HOWARD YUNG; ARTHUR COURBANOU; and DOES 1-100, inclusive,<br><br>　　　　　　Defendants. | Case No. C08-00871 MMC<br><br>**CERTIFICATE OF SERVICE** |

I, Janis L. Ing, declare:

I am a citizen of the United States and employed in the City and County of San Francisco, California by Shartsis Friese LLP at One Maritime Plaza, Eighteenth Floor, San Francisco, California 94111. I am over the age of eighteen years and am not a party to the within-entitled action.

On July 17, 2008, at Shartsis Friese LLP located at the above-referenced address, and, pursuant to California Rules of Court, Federal Rules of Civil Procedure, and local rules, I served on the interested parties in said cause a copy of the within document(s):

- 1 -

Case No. C08-00871 MMC　　　　　　CERTIFICATE OF SERVICE

PLAINTIFF'S OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

[X] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid in accordance with the firm's practice, of which I am familiar, of collection and processing correspondence for mailing on the same day to the person(s) at the address(es) set forth below:

[ ] by consigning the document(s) listed above to an express delivery service for guaranteed delivery on the next business day to the person(s) at the address(es) set forth below:

[ ] by personal delivery by messenger service of the document(s) above to the person(s) at the address(es) set forth below:

[ ] by facsimile transmission on this date before 5:00 p.m. (PST) of the document(s) listed above from sending facsimile machine main telephone number (415) 421-2922, and which transmission was reported as complete and without error (copy of which is attached), to facsimile number(s) set forth below: ([ ] by agreement / [ ] not by agreement)

[ ] by electronically delivering the document(s) listed above on this date from electronic address sflaw.com, and after which transmission I did not receive within a reasonable time any electronic message or other indication that the transmission was unsuccessful, to electronic mail address(es) set forth below: ([ ] by agreement / [ ] not by agreement)

Garth Tyler Vincent, Esq.
Munger Tolles & Olson LLP
355 S Grand Avenue 35th Floor
Los Angeles, CA 90071-1560

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 17, 2008, in San Francisco, California.

_____
Janis L. Ing

6197\007\1494331.1

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111