GARTH T. VINCENT (SBN 146574)
Garth.Vincent@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

AMY C. TOVAR (SBN 230370)
Amy.Tovar@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

Attorneys for Defendants
KAM HING ENTERPRISES, INC.; SUNHAM HOME
FASHIONS, LLC; HOWARD YUNG; AND ARTHUR
COURBANOU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| E&E CO., LTD. A California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KAM HING ENTERPRISES, INC.;<br>SUNHAM HOME FASHIONS, LLC;<br>JJ INTERNATIONAL TRADING<br>COMPANY; HOWARD YUNG,<br>ARTHUR COURBANOU; and DOES 1-<br>100, inclusive,<br><br>Defendants. | CASE NO. 3:08-CV-00871-MMC<br><br>REPLY IN SUPPORT OF DEFENDANTS'<br>REQUEST FOR JUDICIAL NOTICE AND<br>OBJECTION TO PLAINTIFF'S UNTIMELY<br>OPPOSITION THERETO<br><br>Date: August 1, 2008<br>Time: 9:00 a.m.<br>Judge: Hon. Maxine M. Chesney<br>Ctrm: 7 |

5540745.1

REPLY TO OPP. TO RJN
3:08-CV-00871-MMC

1  The Court should reject Plaintiff's untimely and frivolous Opposition to the Request for Judicial Notice that Defendants filed in support of their Motion to Dismiss the First Amended Complaint. Without prior notice to Defendants, Plaintiff submitted its five-page Opposition to the Request for Judicial Notice yesterday afternoon, a full six days after it filed its Opposition to Defendants' Motion to Dismiss and just *one day* before Defendants' Reply in support of the Motion to Dismiss was due. There is no justification for this delay: Defendants' Request For Judicial Notice was filed simultaneously with their Motion to Dismiss on June 13. This was 34 days before Plaintiff bothered to submit its Opposition to the Request for Judicial Notice.

Federal Rule of Evidence 201(e) provides that a party may only make **timely** objections to requests for judicial notice: "A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed." Given that it was filed nearly an entire week after Plaintiff filed its Opposition to the Motion to Dismiss and one day before the due date for Defendants' reply brief, Plaintiff's Opposition to the Request for Judicial Notice is clearly not timely. Because Defendants' prepared their reply brief without any knowledge that Plaintiff opposed the Request for Judicial Notice, Defendants' have suffered undue prejudice as a result of Plaintiff's untimely filing. Plaintiff did not mention once in its Opposition to the Motion to Dismiss that it disputed the facts included in Defendants' Request for Judicial Notice or considered them inappropriate for the Court to take into consideration.

In any event, Plaintiff's position that the Court cannot take judicial notice of statistics contained in a report published by the United States Department of Commerce is baseless. Courts regularly take judicial notice of statistics and other data contained in government reports and other sources. *See, e.g., Greeson v. Imperial Irr. Dist.*, 59 F.2d 529, 531 (9th Cir. 1932) (taking judicial notice of statistical data included in report from the Secretary of the Interior); *Associated General Contractors of Ohio, Inc. v. Drabik*, 50 F. Supp. 2d 741, 760 (S.D. Ohio 1999) (taking judicial notice of statistics from U.S. Census ); *City of Port Arthur, Texas v. United States*, 517 F. Supp. 987, 993 (D.D.C. 1981) (same); *American Bankers Ass'n v. National*

1 *Credit Union Admin.*, 347 F. Supp. 2d 1061, 1068 (D. Utah 2004) (taking judicial notice of church membership statistics); *Interstate Natural Gas Co. v. Southern California Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1954) (taking judicial notice of contents of Federal Power Commission report, including statistical findings); *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3d Cir. 2002) (approving district court's decision to take judicial notice of stock price data compiled by Dow Jones). Defendants have requested the Court take judicial notice solely of statistical trade-related data collected by the United States government and included in the "2007 Major Shippers Report: Total Non-Apparel Imports" published by the United States Department of Commerce, International Trade Administration, Office of Textiles and Apparel. The data is based on statistics from the United States Census Bureau. *See* RJN Ex. D, at 1 ("This report provides General Import statistics by date of import from the Census Bureau for a variety of recent time periods on countries that exceed certain thresholds."), *available at* http://otexa.ita.doc.gov/msrpoint.htm. This is exactly the type of information whose accuracy cannot be questioned. *See Aiello v. Town of Brookhaven*, 136 F. Supp. 2d 81, 117 n.27 (E.D.N.Y. 2001) (taking judicial notice of data included in Census Bureau Report from the U.S. Department of Commerce).

The cases upon which Plaintiff relies that declined to take judicial notice of contents of official records and reports involved situations where the underlying facts were not "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (court declined to take judicial notice of declarations containing hearsay statements); *Belodoff v. Netlist, Inc.*, 2008 WL 2356699, at *3 (C.D. Cal. May 30, 2008) (declining to take judicial notice of the truth of statements and projections from market analysts that were quoted in a judicially noticeable prospectus); *Aaron v. Aguirre*, 2007 WL 959083, at *3 (S.D. Cal. Mar. 8, 2007) (declining to take judicial notice of the truth of underlying facts recited in a court opinion). Unlike projections from market analysts and the factual findings of a court, the accuracy and reliability of census statistics collected from the United States government are not subject to dispute and are routinely judicially noticed by courts. Plaintiff's suggestion that the

Court should not "trust" these statistics is absurd. (Opp. RJN at 4). Indeed, Plaintiff offers no plausible basis for contesting the accuracy of this data.

Plaintiff also erroneously asserts that Defendants seek to rely on the Department of Commerce ("DOC") statistics to conclusively resolve disputed factual issues in the case, namely, the size of the market and the market power of the Sunham Defendants. To be sure, the DOC statistics relate precisely to these issues. But they are not relied upon to conclusively show the size of the market and Defendants' market power. In fact, Defendants specifically state that these figures are conservative and understate the size of the relevant market. *See* Motion to Dismiss FAC at 14 ("Of course, these figures understate the true size of the market because they do not include non-cotton bedspreads/quilts, bedcoverings that were exported to countries other than the United States, and products that might be used as substitutes for bedspreads/quilts."). The DOC statistics are not offered as evidence of the precise contours of the market, but rather as proof of the irrefutable vastness of the market, however it might ultimately be defined were this litigation to proceed. The Court need not resolve the actual size of the market to conclude that Plaintiff has failed as a matter of law to show that the Sunham Defendants possess market power in any appropriately defined relevant market. Just as Justice O'Connor determined in her oft-cited concurrence in *Jefferson Parish Hosp. Dist. No. 2 v. Hyde*, 466 U.S. 2, 46 (1984), "[e]ven without engaging in a detailed analysis of the size of the relevant markets we may readily conclude that there is no likelihood that the exclusive dealing arrangements challenged here" will substantially harm competition in the relevant market.

For the reasons stated herein, the Court should reject Plaintiff's untimely and meritless Opposition to Defendants' Request for Judicial Notice.

5540745.1                                         - 4 -                              REPLY TO OPP. TO RJN
                                                                                 3:08-CV-00871-MMC

| | |
|---|---|
| 1   DATED: July 18, 2008 | Munger, Tolles & Olson LLP<br>GARTH T. VINCENT<br>AMY C. TOVAR |

By: _____/s/ Amy C. Tovar_____
        AMY C. TOVAR

Attorneys for Defendants
KAM HING ENTERPRISES, INC.;
SUNHAM HOME FASHIONS, LLC;
HOWARD YUNG; AND ARTHUR
COURBANOU