SHARTSIS FRIESE LLP
ROBERT CHARLES WARD (Bar #160824)
rward@sflaw.com
JAMES P. MARTIN (Bar #170044)
jmartin@sflaw.com
FELICIA A. DRAPER (Bar #242668)
fdraper@sflaw.com
One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111
Telephone: (415) 421-6500
Facsimile: (415) 421-2922

Attorneys for Plaintiff
E&E Co., Ltd., a California corporation

GARTH T. VINCENT (SBN 146574)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
Email: *garth.vincent@mto.com*

AMY TOVAR (SBN 230370)
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Email: *amy.tovar@mto.com*

Attorneys for Defendants
KAM HING ENTERPRISES, INC.;
SUNHAM HOME FASHIONS, LLC;
HOWARD YUNG; and ARTHUR
COURBANOU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| E&E CO., LTD., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>KAM HING ENTERPRISES, INC.; SUNHAM HOME FASHIONS, LLC; JJ INTERNATIONAL TRADING COMPANY; HOWARD YUNG; ARTHUR COURBANOU; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. C08-00871 MMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: Maxine M. Chesney<br>Date: August 22, 2008<br>Time: 10:30 a.m.<br>Dept: 7 |

Plaintiff E&E Co., Ltd. ("Plaintiff") and Defendants Kam Hing Enterprises, Inc. ("Kam Hing"), Sunham Home Fashions, LLC ("Sunham"), Howard Yung, and Arthur Courbanou (collectively, "Defendants") jointly submit this Case Management Conference Statement in

advance of the August 22, 2008 case management conference.

1. <u>Jurisdiction and Service</u>

Defendants removed this case to federal court on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441.

Plaintiff has not served JJ International Trading Company, which was named as a defendant in this case.

2. <u>Facts</u>

The underlying facts of this case have been discussed in the parties' briefing on the first and second Motions to Dismiss. Plaintiff has sued Kam Hing and Sunham (collectively, the "Sunham Defendants") for alleged antitrust violations under the Cartwright Act, California Business & Professions Code § 16720 et seq. Plaintiff has sued all Defendants for alleged unfair business practices under California Business & Professions Code § 17200 et seq.

On December 12, 2007, Plaintiff filed a Complaint alleging a cause of action for unfair competition under California Business & Professions Code § 17200 and for restraint of trade under the Cartwright Act, California Business & Professions Code §§ 16720 et seq. On March 7, 2008, Defendants moved to dismiss Plaintiff's claims and strike its prayer for restitution. On April 29, 2008, this Court granted Defendants' motion to dismiss under Federal Rule 12(b)(6), with leave to amend, and the motion to strike.

On May 16, 2008, Plaintiff filed a First Amended Complaint, which contains two causes of action under the Cartwright Act (one alleging a per se "conspiracy" and the other a restraint of trade) and one cause of action under § 17200. On June 13, 2008, Defendants moved to dismiss Plaintiff's First Amended Complaint. Briefing is complete on that motion and the Court vacated the hearing that was set for August 1, 2008.

3. <u>Legal Issues</u>

The parties' respective briefs on the second Motion to Dismiss identify a number of legal issues regarding Plaintiff's claims. Although the parties do not necessarily agree regarding the issues, Plaintiff or Defendants (either individually or jointly) believe that, if the Court does not grant the motion to dismiss, then the case raises at least the following legal issues:

- Whether the Sunham Defendants caused a horizontal agreement among some Chinese manufacturers to boycott Plaintiff;
- Whether the Sunham Defendants have conspired with Chinese suppliers and/or designers to intentionally restrain trade and suppress competition in the market of bed covering products;
- If the Sunham Defendants have conspired with Chinese suppliers and/or designers, whether the effect of such a conspiracy was to create a horizontal restraint;
- Whether the Sunham Defendants have unlawfully caused third parties to refrain from doing business with Plaintiff;
- Whether the Sunham Defendants possess market power in the relevant market;
- Whether the Plaintiff has properly defined the relevant market affected by the Sunham Defendants' alleged anticompetitive activities;
- Whether the Sunham Defendants have entered into any exclusive dealing arrangements with Chinese suppliers and/or designers solely to restrain competition in the relevant market;
- Whether competition in the relevant market has been restrained and suppressed;
- Whether, if the Sunham Defendants did enter into exclusive dealing arrangements, such arrangements produced significant anticompetitive effects in the relevant market;
- Whether Plaintiff has standing to assert a claim under § 17200;
- Whether, if Plaintiff has standing to assert a claim under § 17200, Defendants violated the unfair prong of § 17200;
- Whether, if Plaintiff has standing to assert a claim under § 17200, Defendants violated the unlawful prong of § 17200;
- Whether Defendants have committed antitrust violations that constitute unfair competition under California law;
- Whether Defendants have violated federal tax and conspiracy laws including, inter alia, 26 U.S.C. § 7201; 26 U.S.C. § 7206 (1), (2); and 18 U.S.C. § 371;

- Whether Howard Yung and Arthur Courbanou are subject to personal jurisdiction in California;
- Whether Plaintiff has suffered any damages under the Cartwright Act.

4. Motions

As noted, Defendants have filed a Motion to Dismiss Plaintiff's First Amended Complaint. If the second Motion to Dismiss is denied in whole or in part, Defendants anticipate that they will file a motion for summary judgment directed to all or part of the case.

5. Amendment of Pleadings

Other than any amendment that may occur as a result of the Court's ruling on the pending Motion to Dismiss, the parties do not anticipate the potential for any amendments to the pleadings at this juncture.

6. Evidence Preservation

The parties have taken steps to prevent the erasure or loss of potentially relevant materials, including electronic data.

7. Disclosures

The parties have agreed that if the Court denies all or part of the Motion to Dismiss, the parties will make initial disclosures twenty-one (21) days after the Court's ruling.

8. Discovery

The parties have agreed to delay the commencement of discovery pending the Court's resolution of the Motion to Dismiss. If the Court denies all or part of the Motion to Dismiss, the parties have agreed they will confer about a discovery schedule within ten business days of the Court's ruling. After the meet and confer process, the parties will submit a written proposal to the Court and/or, if necessary, request an additional case management conference.

Defendants assert that it is premature to speculate about the anticipated scope of discovery because the parties do not currently know which claims, if any, will proceed past dismissal. Defendants may seek limitations or modifications of the discovery rules depending on which claims, if any, proceed past dismissal. Plaintiff will meet and confer with Defendants after the Court rules on the pending Motion to Dismiss regarding any proposed changes to the applicable

discovery rules.

### 9. Class Actions

This case is not a class action.

### 10. Related Cases

On April 22, 2008, pursuant to Local Rule 3-13, Defendants filed a Notice of Pendency of Other Actions, providing notice to the Court of two actions pending in the United States District Court for the Southern District of New York. *Kam Hing Enterprises, Inc. v. Wal-Mart Stores, Inc., E&E Co., Ltd., JLA Home, Inc., and JLA Home Fabrics, Inc.*, Civ. No. 07-CV-2316 (MGC), was filed March 19, 2007. This action is pending before the Honorable Miriam Goldman Cedarbaum, U.S.D.J. in New York, New York (Foley Square) and asserts two claims for copyright infringement pursuant to 17 U.S.C. § 501. *Sunham Home Fashions, LLC v. JLA Home Fabrics, Inc., and JLA Home, a division of E&E Co., Ltd.*, Civ. No. 06-CV-2697 (RMB), was filed March 22, 2006 in the Supreme Court of the State of New York, New York County and asserts four causes of action under New York law. This action was removed to federal court and is pending before the Honorable Robert Berman, U.S.D.J. in New York, New York (Foley Square).

### 11. Relief

Plaintiff seeks damages, statutory and/or treble damages, punitive damages, preliminary and permanent injunctive relief, costs of suit, prejudgment interest, and attorney's fees. Plaintiff is unable to state its damages with precision at this time, since that determination will require discovery and accounting analysis of Defendants' books and records. Plaintiff has alleged damages in an amount to be proven at trial, and will supplement its damages disclosure after obtaining the necessary discovery from Defendants.

Defendants contend that Plaintiff has no damages and is not entitled to injunctive relief. Defendants also dispute Plaintiff's claim that punitive damages are available under the Cartwright Act or § 17200.

### 12. Settlement and ADR

Defendants believe that the Court's ADR processes would be unlikely to help resolve this

case at this juncture. If the Court denies the Motion to Dismiss in whole or in part, the parties agree to meet and confer about possible ADR options. The parties have an ADR phone conference scheduled to take place in advance of the case management conference. The parties have filed ADR certifications pursuant to the Local Rules.

### 13. Consent to Magistrate for All Purposes

The parties have declined to have a magistrate judge conduct all further proceedings, including trial and entry of judgment.

### 14. Other References

The parties believe that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

Defendants do not anticipate a narrowing of issues by agreement prior to the Court's ruling on the second Motion to Dismiss. If the second Motion to Dismiss is denied in whole or in part, Defendants anticipate that they will file a motion for summary judgment directed to all or part of the case. Plaintiff anticipates that it may file a motion for partial summary judgment and/or will meet and confer with Defendants to narrow some of the issues in dispute after discovery is conducted. The parties believe it is premature to consider whether to bifurcate any issues, claims, or defenses.

### 16. Expedited Schedule

At this juncture, the parties do not believe this case is appropriate for expedited scheduling.

### 17. Scheduling

The parties believe it is premature to propose dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial. If the Court denies the Motion to Dismiss in whole or in part, the parties will confer about a case management schedule and submit a written proposal to the Court.

### 18. Trial

No party has requested a jury trial. The parties will meet and confer about the expected

length of trial after the Court rules on the Motion to Dismiss.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>

Defendants have submitted a Certification of Interested Entities or Persons as required by Local Rule 3-16, and Plaintiff will do so prior to the Case Management Conference.

20. <u>Other Matters</u>

The parties are not aware of any other matters to be addressed at this time.

DATED: August 15, 2008            SHARTSIS FRIESE LLP


By: _____/s/ James P. Martin_____
              JAMES P. MARTIN

Attorneys for Plaintiff
E&E CO., LTD., a California corporation

DATED: August 15, 2008            MUNGER, TOLLES & OLSON LLP


By: _____/s/ Amy Tovar_____
              AMY TOVAR

Attorneys for Defendants
KAM HING ENTERPRISES, INC.;
SUNHAM HOME FASHIONS, LLC;
HOWARD YUNG; and ARTHUR COURBANOU