1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   E&E CO., LTD.,                            No. C-08-871 MMC

12              Plaintiff,                      **ORDER GRANTING IN PART AND
                                                DENIING IN PART DEFENDANTS'**
13        v.                                    **MOTION TO DISMISS SECOND
                                                AMENDED COMPLAINT; GRANTING**
14   KAM HING ENTERPRISES, INC., et al.,        **LEAVE TO AMEND**

15              Defendants.
     _____/

16

17        Before the Court is the motion, filed October 6, 2008 by defendants Kam Hing

18   Enterprises, Inc., Sunham Home Fashions, LLC (collectively, "Sunham Defendants"),[1]

19   Howard Yung ("Yung") and Arthur Courbanou ("Courbanou") to dismiss plaintiff's Second

20   Amended Complaint ("SAC") pursuant to Federal Rules of Civil Procedure 12(b)(2) and

21   12(b)(6).  Plaintiff has filed opposition, to which defendants have replied.  Having read and

22   considered the papers submitted in support of and in opposition to the motion, the Court

23   finds the matter appropriate for decision thereon, hereby VACATES the hearing scheduled

24   for November 21, 2008, and rules as follows.

25   //

26

27        [1]In its Second Amended Complaint, plaintiff refers to the two entities collectively as
     the "Sunham Defendants."  (See SAC ¶ 10.)  Defendants, while noting that Kam Hing
28   Enterprises, Inc. and Sunham Home Fashions, LLC are "distinct entities with separate
     business operations" (see Mot. 1 n.1), have adopted plaintiff's terminology for purposes of
     the instant motion.

**United States District Court**

For the Northern District of California

**BACKGROUND**

**A.    Procedural History**

Plaintiff filed its original complaint on February 8, 2008.  The complaint alleged claims under California's Cartwright Act, Cal. Bus. & Prof. Code § 16700 et seq., and the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq. Defendants moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), which motion was granted in part and denied in part,[2] and the complaint dismissed with leave to amend to cure the deficiencies noted by the Court.  (See Order filed Apr. 29, 2008, at 3:15-19.)  On May 16, 2008, plaintiff filed its First Amended Complaint, alleging the same two claims as alleged in the original complaint.  Defendants again moved to dismiss pursuant to Rules 12(b)(2) and 12(b)(6), which motion was again granted in part and denied in part,[3] and the complaint again dismissed with leave to amend to cure the deficiencies noted by the Court.  (See Order filed Aug. 25, 2008, at 7:8-10.)  On September 22, 2008, plaintiff filed its Second Amended Complaint, the pleading addressed by the instant motion.  The SAC retains plaintiff's claim under the UCL, and, in place of the Cartwright Act claim, alleges a claim for intentional interference with prospective economic advantage.[4]  As set forth below, the pleading remains deficient.

**B.    Allegations**

The SAC alleges that the Sunham Defendants and plaintiff are distributors of "home

---

[2]The motion was denied to the extent defendants moved to dismiss defendants Yung and Courbanou pursuant to Rule 12(b)(2), without prejudice to defendants refiling such a motion in the event either Yung or Courbanou was named in an amended complaint.  (See Order filed Apr. 29, 2008 at 3:20-23.)  Plaintiff subsequently named Yung and Courbanou as defendants in the FAC.

[3]The motion was again denied to the extent defendants moved to dismiss defendants Yung and Courbanou pursuant to Rule 12(b)(2), without prejudice to defendants refiling such a motion in the event Yung or Courbanou was named in a Second Amended Complaint.  (See Order filed Aug. 25, 2008, at 7:12-14.)  Plaintiff has named Young and Courbanou as defendants in the SAC and defendants have, in the instant motion, again moved to dismiss such defendants pursuant to Rule 12(b)(2).

[4]Although the First Cause of Action is titled "Intentional Interference with Economic Relations" (see SAC at 5), plaintiff does not dispute that the tort alleged therein is intentional interference with prospective economic advantage (see Opp'n at 7).

1    textile bedding products" (see SAC ¶ 2), that the Sunham Defendants purchase such

2    products "primarily from manufacturers in China" and sell to retailers in the United States

3    (see id.), and that "access to the limited pool of manufacturers in China who can supply

4    goods of sufficient quality at low prices is critical to [plaintiff's] business" (see id.).

5        Plaintiff further alleges the Sunham Defendants have unlawfully "disrupt[ed] E&E's

6    contracts and economic relationships with key suppliers in China." (See id. ¶ 4.)  In that

7    regard, plaintiff alleges, the Sunham Defendants "have made false and disparaging

8    statements about [plaintiff] and have made threats to suppliers, manufacturers, and/or

9    designers," thereby causing such entities to refuse to deal with plaintiff.

10       Additionally, plaintiff alleges, such defendants have unfairly competed with plaintiff

11    by "fraudulently evad[ing] U.S. tax obligations," thus enabling them "to sell into the

12    marketplace at lower prices and/or with better margins by avoiding costs that law-abiding

13    importers pay." (See id. ¶ 3.)

14                                **LEGAL STANDARD**

15       Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory

16    or the absence of sufficient facts alleged under a cognizable legal theory."[5]  See Balistreri

17    v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  "[A] complaint attacked by a

18    Rule 12(b)(6) motion to dismiss does not need detailed factual allegations."  See Bell

19    Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007).  Nonetheless, "a plaintiff's

20    obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels

21    and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

22    See id. at 1965.  "Factual allegations must be enough to raise a right to relief above the

23    speculative level."  Id.

24       Generally, a district court, in ruling on a Rule 12(b)(6) motion, may not consider any

25    material beyond the complaint.  See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896

26    F.2d 1542, 1555 n.19 (9th Cir. 1990).  "However, material which is properly submitted as

27

28         [5]As discussed infra, the Court has not addressed herein the merits of defendants'
argument under Rule 12(b)(2).

1    part of the complaint may be considered." Id.

2        In analyzing a motion to dismiss, a district court must accept as true all material

3    allegations in the complaint and construe them in the light most favorable to the nonmoving

4    party. See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). Conclusory

5    allegations, unsupported by the facts alleged, need not be accepted as true. See Holden v.

6    Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992). Courts "are not bound to accept as true a

7    legal conclusion couched as a factual allegation." See Twombly, 127 S. Ct. at 1965

8    (internal quotation and citation omitted).

9                                    **DISCUSSION**

10   **A.    Leave to Amend**

11       As defendants correctly point out in their motion, plaintiff's assertion of a new claim

12   for intentional interference with prospective economic advantage exceeds the scope of the

13   leave to amend granted by the Court. In dismissing the FAC, the Court granted plaintiff

14   leave to amend only to cure the deficiencies noted with respect to the causes of action

15   pleaded in the FAC; the Court did not authorize plaintiff to assert an entirely new cause of

16   action. (See Order filed Aug. 25, 2008, at 7:9-10.) In its opposition, plaintiff requests that

17   the Court at this time grant plaintiff leave to amend to add the new claim.

18       Leave to amend is to be "freely grant[ed] . . . when justice so requires." See DCD

19   Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (internal citation and

20   quotation omitted). "Four factors are commonly used to determine the propriety" of such

21   leave: "bad faith, undue delay, prejudice to the opposing party, and futility of amendment."

22   Id. The four factors, however, "are not of equal weight in that delay, by itself, is insufficient

23   to justify denial of leave to amend." See id. Further, "it is the consideration of prejudice to

24   the opposing party that carries the greatest weight." See Eminence Capital, LLC v.

25   Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "The party opposing amendment bears

26   the burden of showing prejudice." DCD Programs, 833 F.2d at 187.

27       Here, the case is at an early stage of the proceedings; no trial has been set and,

28   indeed, discovery has not begun. Such circumstances weigh in favor of leave to amend.

                                          4

See, e.g., DCD Programs, 833 F.2d at 187-88 (finding "no basis for any claim of prejudice" where "[the] case [was] still at the discovery stage with no trial date pending" and no pretrial conference had been held).  Defendants, relying on Stein v. United Artists Corp., 691 F.2d 885 (9th Cir. 1982), argue they nonetheless will be prejudiced by plaintiff's assertion of a claim for intentional interference with prospective economic advantage because the claim is not based on facts previously unknown to plaintiff and defendants have incurred expenses in briefing their earlier motions to dismiss.[6]  In Stein, however, the Ninth Circuit, in affirming the district court's refusal to permit amendment to add a new theory, observed that the plaintiff therein could not show he had standing to assert such claim.  See id. at 898.  In other words, the proposed amendment was futile.  See id. (holding plaintiff unable to show cognizable loss "under any of his theories"); see also DCD Programs, 833 F.2d at 186 (holding "delay, by itself, is insufficient to justify denial of leave to amend").

Defendants next argue plaintiff's proposed amendment to add a claim for intentional interference with prospective economic advantage would be futile.  A proposed amendment, however, is futile "only if no set of facts can be proved under the amendment to the pleading that would constitute a valid and sufficient claim or defense."  See Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).  As discussed infra, defendants do not contend there is no set of facts under which plaintiff could recover on such a claim; rather, defendants argue that plaintiff has not pleaded sufficient facts.[7]

Accordingly, the Court will grant plaintiff leave to amend to assert in its SAC the claim for intentional interference with prospective economic advantage.

//

//

---

[6]The two other cases cited by defendants in support of their argument, Acri v. Int'l Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393 (9th Cir. 1986), and Edwards Lifesciences LLC v. Cook Inc., No. C 03-03817 JSW, 2008 WL 913328 (N.D. Cal. Apr. 2, 2008), involved amendments sought after discovery had been completed.  See Acri, 781 F.2d at 1395; Edwards, 2008 WL 913328, at *1.

[7]Defendants do not contend plaintiff's request for leave has been brought in bad faith.

**B.     Failure to State a Claim**

> **1.     Intentional Interference with Prospective Economic Advantage**

Under California law, a claim for intentional interference with prospective economic advantage has five elements:

> (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant.

Korea Supply Co. Lockheed Martin Corp., 29 Cal. 4th 1134, 1153 (2003) (internal citation and quotation omitted).  To satisfy these requirements, a plaintiff must prove, among other things, that the defendant "engaged in an independently wrongful act," see id. at 1158, i.e., an act that is "wrongful by some measure beyond the fact of the interference itself," see Della Panna v. Toyota Motor Sales, U.S.A., Inc., 11 Cal. 4th 376, 393 (1995) (internal quotation and citation omitted).  "[A]n act is independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard."  Korea Supply, 29 Cal. 4th at 1159.

Here, plaintiff argues it has adequately alleged an independently wrongful act by alleging the Sunham Defendants committed the tort of defamation.  Plaintiff alleges said defendants made "false and disparaging statements about [plaintiff]."  Defendants contend such allegations are insufficient because they fail to identify a specific false statement made by defendants.

Although no Court of Appeals appears to have addressed the issue, the weight of district court authority holds that, under federal pleading standards, a plaintiff must identify at least one specific defamatory statement alleged to have been made by the defendant.[8] See, e.g., Arikat v. JP Morgan Chase & Co., 430 F. Supp. 2d 1013, 1020-21 (N.D. Cal. 2006) (dismissing claims for libel and slander because plaintiff's "allegations [did] not identify the alleged statements made, who made the alleged libelous or slanderous

---

[8]The parties do not dispute that the sufficiency of the SAC is governed by federal rather than state law.

1   statements, or the falsity of any statements made"); <u>Gorman v. Wolpoff & Abramson, LLP</u>,

2   370 F. Supp. 2d 1005, 1010 (N.D. Cal. 2005) (dismissing libel claim because plaintiff

3   "fail[ed] to give notice of even one particular statement that [was] false"); <u>Jacobsen v.</u>

4   <u>Schwarzenegger</u>, 357 F. Supp. 2d 1198, 1216 (C.D. Cal. 2004) (holding "[e]ven under

5   liberal federal pleading standards, general allegations of the defamatory statements which

6   do not identify the substance of what was said are insufficient" (internal quotation and

7   citation omitted)).[9]  This Court finds the reasoning of those cases persuasive.  Indeed, if a

8   plaintiff were permitted to plead a claim for defamation without identifying a single false

9   statement, it might be "impossible for [the] [d]efendant to assert a proper affirmative

10  defense or Rule 12(b) motion challenging the claim as a matter of law."  <u>See, e.g.</u>, <u>Pestube</u>

11  <u>Sys., Inc. v. Hometeam Pest Defense, LLC</u>, No. CIV-05-2832-PHX-MHM, 2006 WL

12  1441014, at *3 (D. Ariz. May 24, 2006) (holding pleading of false advertising claim under

13  Lanham Act insufficient where plaintiff failed to identify specific false statement, for reason

14  that such failure prevented defendant from "formulat[ing] an adequate responsive pleading

15  or related 12(b) motion"); <u>see also</u> <u>Lee Myles</u>, 557 F. Supp. 2d at 1139 (noting "Rule 8(a)

16  requires a short and [plain] statement of the claim for relief necessary to provide

17  [d]efendants with fair notice so as to enable them to respond").

18          Here, the only statements identified by plaintiff in the SAC are contained in a letter

19  plaintiff alleges the Sunham defendants sent to suppliers in China.  (<u>See</u> SAC ¶¶ 24, 26,

20  Ex. A.)  In particular, the letter states plaintiff "has been very active and extreme in this

21  home textiles industry of ours" and that plaintiff is not "capable of competing with Sunham."

22  (<u>See</u> <u>id.</u> Ex. A.)  Defendants correctly argue that such statements are not "capable of being

23  proved as false or true," as required by California law.  <u>See</u> <u>Savage v. Pac. Gas & Elec.</u>

24  <u>Co.</u>, 21 Cal. App. 4th 434, 445 (1993); <u>see also</u> <u>Coastal Abstract Serv. v. First Am. Title</u>

25  <u>Ins. Co.</u>, 173 F.3d 725, 731 (9th Cir. 1999) (holding statement that plaintiff was "too small"

26

27          [9]<u>But see</u> <u>Lee Myles Assocs. Corp. v. Paul Rubke Enterps., Inc.</u>, 557 F. Supp. 2d

28  1134, 1139-40 (S.D. Cal. 2008) (holding plaintiff sufficiently alleged elements of defamation
    claim despite failure to identify specific false statement).

1    to handle company's business "was exactly the kind of puffery that does not qualify as a

2    statement of fact capable of being proved false" (internal citation and quotation omitted)).

3    Consequently, plaintiff has failed to adequately allege a claim for defamation, and thus has

4    likewise failed to allege an independently wrongful act as required under its claim for

5    intentional interference with prospective economic advantage.

6        Accordingly, plaintiff's intentional interference claim will be dismissed; as the SAC

7    constitutes plaintiff's first attempt to plead such claim, however, the Court will afford plaintiff

8    leave to amend its intentional interference claim to cure the above-noted deficiencies

9    therein.

10       **2.    Unfair Competition Law**

11       The California UCL prohibits, inter alia, "any unlawful, unfair, or fraudulent business

12   act or practice."  See Cal. Bus. & Prof. Code § 17200.  "Under its 'unlawful' prong, the UCL

13   borrows violations of other laws . . . and makes those unlawful practices actionable under

14   the UCL."[10]  See Berryman v. Merit Prop. Mgmt., 152 Cal. App. 4th 1544, 1554 (2007)

15   (internal citation and quotation omitted; alteration in original).  "Thus, a violation of another

16   law is a predicate for stating a cause of action under the UCL's unlawful prong."  Id.

17       Plaintiff argues the Sunham Defendants have violated the "unlawful" prong of the

18   UCL by engaging in a fraudulent "tax evasion scheme" by which such defendants use "shell

19   corporations in China to hide revenue and evade taxes that should otherwise be paid in the

20   United States," in violation of three federal criminal statutes, specifically, 18 U.S.C. § 371,

21   26 U.S.C. § 7201, and 26 U.S.C. § 7206.[11]  (See SAC ¶¶ 3, 33-35.)  Defendants argue

22   plaintiff's allegations fail to meet the requirements of Federal Rule of Civil Procedure 9(b),

23   see Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (noting, under

24

25       [10]Plaintiff's claims under the UCL are based solely on the "unlawful" prong.  (See
26   Opp'n at 14 n.5.)

27       [11]Plaintiff also argues that the Sunham Defendants have violated the UCL's
     "unlawful" prong by committing the tort of intentional interference with prospective
28   economic advantage.  As set forth above, however, plaintiff has failed to adequately plead
     such claim.

Rule 9(b), "[a]verments of fraud must be accompanied by the who, what, when where, and how of the misconduct charged" (internal citation and quotation omitted)), and that plaintiff has failed to adequately allege violations of each of the elements of the above-referenced statutes.  Plaintiff does not dispute that its claims under the statutes are subject to Rule 9(b), but rather, argues that Rule 9(b)'s requirements are "relaxed where a defendant is accused of corporate tax fraud" (see Opp'n at 15) and that, accordingly, it has alleged violations of the statutes with adequate specificity.

Plaintiff's argument is unavailing.  Even assuming, arguendo, that the requirements of Rule 9(b) "may be relaxed . . . . in cases of corporate fraud," see Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989), plaintiff must nevertheless allege "the misrepresentations themselves with particularity," see id.  Here, plaintiff fails to identify a single misrepresentation.  Consequently, plaintiff has failed to sufficiently allege its claims under the above-referenced statutes, and thus, has failed to allege "unlawful" conduct under the UCL.

Accordingly, plaintiff's claim under the UCL will be dismissed; as the SAC constitutes plaintiff's first attempt to plead such claim by reference to such statutes, however, the Court will afford plaintiff leave to amend its UCL claim to cure the above-noted deficiencies therein.

**C.     Personal Jurisdiction over Yung and Courbanou**

Because the complaint will be dismissed for failure to state a claim, the Court again does not reach defendants' argument that the claims against individual defendants Yung and Courbanou are subject to dismissal for lack of personal jurisdiction, and, consequently, does not address at this time plaintiff's request for jurisdictional discovery.

**CONCLUSION**

For the reasons stated above, defendants' motion to dismiss is hereby GRANTED in part and DENIED in part as follows:

1.  Defendants' motion to dismiss the SAC pursuant to Rule 12(b)(6) is GRANTED, and the SAC is DISMISSED with leave to amend to cure the above-noted deficiencies in

1  the two causes of action alleged therein.  Any Third Amended Complaint shall be filed no

2  later than December 19, 2008.

3        2.  Defendants' motion to dismiss defendants Yung and Courbanou pursuant to Rule

4  12(b)(2) is DENIED, without prejudice to defendants' refiling such motion, in the event

5  either Yung or Courbanou is named in a Third Amended Complaint.  Plaintiff's request to

6  conduct jurisdictional discovery likewise is DENIED without prejudice.

7

8        **IT IS SO ORDERED.**

9  Dated:  November 19, 2008

10                                                    MAXINE M. CHESNEY
                                                     United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10