1
2
3
4
5
6
7
8
9

IN THE UNITED STATES DISTRICT COURT

10

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11
12

E&E CO., LTD.,                                    No. C-08-0871 MMC

13
                        Plaintiff,                **ORDER GRANTING DEFENDANTS'**
14                                                **MOTION TO DISMISS PLAINTIFF'S**
      v.                                          **THIRD AMENDED COMPLAINT**
15
KAM HING ENTERPRISES, INC., et al.,
16
                        Defendants.
17  _____/

18
       Before the Court is the motion, filed January 23, 2009 by defendants Kam Hing
19
Enterprises, Inc., Sunham Home Fashions, LLC (collectively, "Sunham Defendants"),
20
Howard Yung ("Yung") and Arthur Courbanou ("Courbanou"), to dismiss plaintiff's Third
21
Amended Complaint ("TAC") pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(2),
22
and 12(b)(6).[1]  Plaintiff has filed opposition, to which defendants have replied.  Having read
23
and considered the papers filed in support of and in opposition to the motion, the Court
24
rules as follows.[2]
25

26        [1]In addition to the above-referenced defendants, the TAC also names JJ
International Trading Company and Mokhing Enterprises, Ltd. as defendants.  There is no
27 evidence in the record suggesting either such defendant has been served.

28        [2]By separate order filed this date, the Court vacated the hearing scheduled for
February 27, 2009.

**BACKGROUND**

**A.     Procedural History**

Plaintiff filed its original complaint on February 8, 2008.  The complaint alleged claims under California's Cartwright Act, Cal. Bus. & Prof. Code § 16700 et seq., and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq. Defendants moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6); the motion was granted in part and denied in part,[3] and the complaint was dismissed with leave to amend to cure the deficiencies noted by the Court.  (See Order filed Apr. 29, 2008, at 3:15-19.)  On May 16, 2008, plaintiff filed its First Amended Complaint ("FAC"), alleging the same two claims as alleged in the original complaint. Defendants again moved to dismiss pursuant to Rules 12(b)(2) and 12(b)(6); the motion was granted in part and denied in part,[4] and the complaint again was dismissed with leave to amend to cure the deficiencies noted by the Court.  (See Order filed Aug. 25, 2008, at 7:8-10.)  On September 22, 2008, plaintiff filed its Second Amended Complaint ("SAC"). The SAC retained plaintiff's claim under the UCL, and, in place of the Cartwright Act claim, alleged a claim for intentional interference with prospective economic advantage. Defendants again moved to dismiss pursuant to Rules 12(b)(2) and 12(b)(6), which motion likewise was granted in part and denied in part,[5] and the complaint again was dismissed

---

[3]The motion was denied to the extent defendants moved to dismiss defendants Yung and Courbanou pursuant to Rule 12(b)(2), without prejudice to defendants' refiling such a motion in the event either Yung or Courbanou was named in an amended complaint.  (See Order filed Apr. 29, 2008 at 3:20-23.)  Plaintiff subsequently named Yung and Courbanou as defendants to the First Amended Complaint.

[4]The motion was again denied to the extent defendants moved to dismiss defendants Yung and Courbanou pursuant to Rule 12(b)(2), without prejudice to defendants' refiling such a motion in the event either Yung or Courbanou was named in a Second Amended Complaint.  (See Order filed Aug. 25, 2008, at 7:12-14.)  Plaintiff subsequently named Yung and Courbanou as defendants to the SAC.

[5]The motion was again denied to the extent defendants moved to dismiss defendants Yung and Courbanou pursuant to Rule 12(b)(2), without prejudice to defendants' refiling such a motion in the event either Yung or Courbanou was named in a Third Amended Complaint.  (See Order filed Nov. 19, 2009, at 10:3-5.)  Plaintiff has named Young and Courbanou as defendants to the TAC and defendants have, in the instant motion, again moved to dismiss such defendants pursuant to Rule 12(b)(2).

1   with leave to amend to cure the deficiencies noted by the Court.  On December 19, 2009,

2   plaintiff filed its Third Amended Complaint, the pleading addressed by the instant motion.

3   The TAC alleges a single claim under the UCL.  As set forth below, the pleading remains

4   deficient.

5   **B.    Allegations**

6          The TAC alleges plaintiff and "certain of defendants" are distributors of "home textile

7   bedding products" and that they purchase such products "primarily from manufacturers in

8   China" and sell to retailers in the United States.  (See TAC ¶ 2.)

9          Plaintiff further alleges the Sunham Defendants use "shell corporations in China to

10  hide revenue and to evade taxes that otherwise should be paid in the United States."  (See

11  id. ¶ 22.)  According to plaintiff, defendants Mokhing Enterprises, Ltd. ("Mokhing") and JJ

12  International Trading Company ("JJ International") "ostensibly find qualified suppliers and

13  manufacturing facilities to fill the Sunham Defendants' production orders, and negotiate

14  costs and control quality, but in reality are doing nothing."  (See id. ¶ 28.)  Plaintiff alleges

15  that Yung signs the purchase orders for both Mokhing and the Sunham Defendants (see id.

16  ¶ 30) and that Mokhing's purchase orders are forwarded to Chinese manufacturers, who, in

17  turn, bill Mokhing for the goods they manufacture (see id.).  Next, according to plaintiff,

18  Mokhing bills JJ International "in an amount equal to cost plus a 2% markup fee" (see id.),

19  after which the Sunham Defendants "prepare a bill in the name of JJ International to the

20  Sunham Defendants, in an amount equal to cost plus a 15% markup fee" (see id.).  This

21  arrangement, plaintiff alleges, causes the Sunham Defendants to "falsely increase the

22  costs of goods and lower their reported profit by approximately 15% on all transactions."

23  (See id. ¶ 32.)

24         Additionally, plaintiff alleges that the Sunham Defendants pay lower import duties

25  than they should, for the reason that, although the Sunham Defendants "were granted by

26  United States Customs the ability to use a 'first sale' basis for duty on imported goods,

27  allowing [them] to pay duty tax based on the manufacturer's cost of the imported goods,"

28  the "import structure" established by defendants "does not entitle [them] to claim a 'first

1  sale' basis for duty."  (See id. ¶ 31.)

2          As a result of the above-described conduct, plaintiff alleges, "the Sunham

3  Defendants unlawfully evade taxes that would otherwise be paid to the Internal Revenue

4  Service," and, consequently, such defendants "have a competitive advantage and can

5  temporarily undersell competitors such as [plaintiff] by selling below cost until prospective

6  and actual competitors are completely chased out of the market."  (See id. ¶ 32.)

7                              **DISCUSSION**

8          The California UCL prohibits, inter alia, "any unlawful, unfair, or fraudulent business

9  act or practice."  See Cal. Bus. & Prof. Code § 17200.  "Under its 'unlawful' prong, the UCL

10 borrows violations of other laws . . . and makes those unlawful practices actionable under

11 the UCL."[6]  See Berryman v. Merit Prop. Mgmt., 152 Cal. App. 4th 1544, 1554 (2007)

12 (internal quotation and citation omitted; alteration in original).  "Thus, a violation of another

13 law is a predicate for stating a cause of action under the UCL's unlawful prong."  Id.

14         Plaintiff alleges the Sunham Defendants have violated the "unlawful" prong of the

15 UCL by violating three federal criminal tax and conspiracy statutes, specifically, 18 U.S.C. §

16 371, 26 U.S.C. § 7201, and 26 U.S.C. § 7206.  (See TAC ¶ 35.)  Defendants argue

17 plaintiff's allegations are "grounded in fraud," see Vess v. Ciba-Geigy Corp. USA, 317 F.3d

18 1097, 1103 (9th Cir. 2003), and, as such, fail to meet the requirements of Federal Rule of

19 Civil Procedure 9(b), see Fed. R. Civ. P. 9(b) (providing "[i]n alleging fraud or mistake, a

20 party must state with particularity the circumstances constituting fraud or mistake").

21 Defendants additionally argue that plaintiff has failed to adequately allege violations of each

22 of the above-referenced federal statutes and, further, that the Court lacks personal

23 jurisdiction over Yung and Courbanou.[7]

24 //

25

26         [6]Plaintiff's claims are based solely on the "unlawful" prong of the UCL.  (See Opp'n
   at 5 n.4.)
27

28         [7]As discussed infra, the Court does not address herein the merits of these additional
   arguments.

1   **A.      Federal Rule of Civil Procedure 9(b)**

2        **1.      Applicability of Rule 9(b)**

3        Plaintiff contends "the pleading standard of Federal Rule of Civil Procedure 8(a)(2)

4   . . . not the heightened pleading standard of Rule 9(b)," applies to the TAC, for the reason

5   that, according to plaintiff, the above-referenced statutes "do not require the United States

6   to prove all the elements of fraud" (see Opp'n at 13:24-28) and the TAC does not allege

7   facts constituting common law fraud.  As set forth below, plaintiff's argument is unavailing.

8        Rule 9(b) applies, even "[i]n cases where fraud is not a necessary element of a

9   claim," if the plaintiff "allege[s] a unified course of fraudulent conduct and rel[ies] entirely on

10  that course of conduct as the basis of a claim."  See Vess, 317 F.3d at 1103.  "In that

11  event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of

12  that claim as a whole must satisfy the particularity requirement of Rule 9(b)."  Id. at 1103-

13  04.  Here, the TAC is replete with allegations of fraudulent conduct.  (See TAC ¶ 1 (alleging

14  defendants "are competing unfairly by fraudulently evading tax obligations in the United

15  States"); id. ¶ 34 (alleging "the Sunham Defendants and . . . Yung and Courbanou filed tax

16  returns with the United States federal government, knowing those tax returns contained

17  incorrect and fraudulent financial information"); id. ¶ 35 (alleging defendants "engage in

18  unfair and/or unlawful business practices, which include the tax fraud and tax schemes

19  described above").[8]  Moreover, the TAC contains no allegations of negligent conduct, and

20  plaintiff does not dispute that the conduct alleged in the TAC "could be described generally

21  as 'tax fraud.'"  (See Opp'n at 13:23.)

22        Plaintiff argues that Rule 9(b) nonetheless does not apply to plaintiff's UCL claim, for

23  the reason that the TAC "does not aver facts constituting common law fraud."  (See Opp'n

24  at 14:17-18.); see also Multimedia Patent Trust v. Microsoft Corp., 525 F. Supp. 2d 1200,

25  _____

26        [8]Such allegations appear to be essential to plaintiff's claims, for the reason that,
    although fraudulent conduct is not a necessary element of a violation of the "unlawful"
27  prong of the UCL, each of the underlying federal criminal statutes invoked by plaintiff
    requires that the defendant have acted "wilfully," see § 7201; § 7206(1)-(2), or with "intent
28  to commit [a] substantive crime," see United States v. Hernandez-Orellana, 539 F.3d 994,
    1007 (9th Cir. 2008) (listing elements of violation of 18 U.S.C. § 371).

1   1217 (S.D. Cal. 2007) (holding "Rule 9(b) only applies to California unfair competition law

2   claims to the extent that a pleading avers facts constituting common law fraud, whether or

3   not the term 'fraud' is used").[9]  Assuming, without deciding, that Rule 9(b) only applies

4   where a plaintiff has alleged such facts, plaintiff has done so here.  "Under California law,

5   the indispensable elements of a fraud claim include a false representation, knowledge of its

6   falsity, intent to defraud, justifiable reliance, and damages."  See Vess, 317 F.3d at 1105

7   (internal quotation and citation omitted).  Here, plaintiff has alleged that defendants

8   knowingly and intentionally made false statements to the Internal Revenue Service ("IRS"),

9   and that, as a result, defendants paid lower taxes than they should have, thereby

10  decreasing their costs and enabling them to sell goods at lower prices than their

11  competitors.  (See TAC ¶¶ 32-34.)  Although plaintiff does not expressly allege that the IRS

12  relied on any such false statement, such reliance is, of necessity, implied in plaintiff's

13  allegations, as defendants would not have been able to avoid their alleged tax liability, and

14  thus would not have gained the alleged competitive advantage, if the IRS had not done so.

15          Accordingly, the Court finds the TAC is subject to Rule 9(b).

16          **2.      Sufficiency of the TAC under Rule 9(b)**

17          Defendants contend plaintiff has failed to comply with Rule 9(b) by failing to

18  adequately identify any alleged misrepresentation made by defendants, by failing to explain

19  why any such misrepresentation was false or misleading, and by pleading facts on

20  information and belief without identifying the source of such belief.  Plaintiff, in response,

21  argues that if the Court finds Rule 9(b)'s requirements are applicable to plaintiff's claims,

22  those requirements are relaxed where a plaintiff has not brought claims under federal

23  securities statutes, where a plaintiff need not allege reliance, where a defendant "is

24  accused of corporate tax violations" (see Opp'n at 10:22-23), where the facts in question

25  are "solely within the defendants' knowledge and control" (see id. at 11:11-12), and where

26

27          [9]But see, e.g., Slack v. Fair Isaac Corp., 390 F. Supp. 2d 906, 911-12 (N.D. Cal.
28  2005) (holding "'misleading and deceptive conduct' . . . 'sounds in fraud' even if it would not
    necessarily give rise to a cause of action for deceit at common law").

1   the alleged fraud "occurred over some period of time" (<u>see</u> <u>id.</u> at 11:6-7).  Consequently,

2   according to plaintiff, it need not provide "detailed information" about the content and timing

3   of any particular alleged misrepresentation.  (<u>See</u> <u>id.</u> at 8:3-5.)  Further, plaintiff argues, its

4   pleading on information and belief is sufficient.  As set forth below, plaintiff's arguments are

5   unavailing.

6          "Rule 9(b) serves to give defendants adequate notice to allow them to defend

7   against the charge and to deter the filing of complaints as a pretext for the discovery of

8   unknown wrongs . . . and to prohibit [ ] plaintiff[s] from unilaterally imposing upon the court,

9   the parties and society enormous social and economic costs absent some factual basis."

10  <u>In re Stac Elec. Sec. Litig.</u>, 89 F.3d 1339, 1405 (9th Cir. 1996) (internal quotations and

11  citation omitted; alterations in original).

12         Under Rule 9(b), "[a]verments of fraud must be accompanied by the who, what,

13  when, where, and how of the misconduct charged," and the plaintiff "must set forth what is

14  false or misleading about a statement, and why it is false."  <u>See</u> <u>Vess</u>, 317 F.3d at 1106.

15  Allegations "based on information and belief usually do not satisfy the particularity

16  requirements of Rule 9(b)."  <u>See</u> <u>Moore v. Kayport Package Express, Inc.</u>, 885 F.2d 531,

17  540 (9th Cir. 1989).[10]  Although such requirements "may be relaxed as to matters within the

18  opposing party's knowledge," such as in a "case[ ] of corporate fraud," a plaintiff in such a

19  case nevertheless must allege "the misrepresentations themselves with particularity" and, if

20  allegations are made on information and belief, must include "a statement of the facts on

21  which the belief is founded."  <u>See</u> <u>id.</u> (internal quotation and citation omitted).  Further, even

22  assuming, <u>arguendo</u>, that Rule 9(b) is "less stringently applied" where the fraud "allegedly

23  occurred over a period of time," a plaintiff nonetheless must allege, at the very least, a

24  "range of dates" during which the conduct occurred.  <u>See, e.g.</u>, <u>United States v. Hempfling</u>,

25  431 F. Supp. 2d 1069, 1076 (E.D. Cal. 2006).

26

27         [10]Contrary to plaintiff's argument, although <u>Moore</u> is a case involving alleged
    violations of federal securities statutes, it contains no indication that its discussion of Rule
28  9(b) is limited to such cases or to cases in which the plaintiff is required to allege reliance
    on any misrepresentation.  <u>See</u> <u>Moore</u>, 885 F.2d at 540.

1    Here, with respect to defendants' alleged false reporting of profits, plaintiff has failed

2   to allege the year or years in which any allegedly fraudulent tax return was filed by

3   defendants or the content of any allegedly false statement contained therein; in other

4   words, plaintiff has failed to allege what defendants actually stated to the IRS, and when.

5   Moreover, with respect to the Sunham Defendants' use of a "first sale" basis for import

6   duties, plaintiff has failed to allege how such use involved any false statement, what the

7   content of any such statement was, when any such statement was made, or to whom.

8    Accordingly, the Court finds the TAC fails to comply with Rule 9(b), and,

9   consequently, the TAC will be dismissed.  As the Court has identified deficiencies in the

10  TAC that were not previously identified, however, the Court will afford plaintiff an

11  opportunity to cure such deficiencies.[11]

12  **B.    Personal Jurisdiction**

13   Because the TAC will be dismissed for failure to comply with Rule 9(b), the Court

14  again does not reach defendants' argument that the claims against individual defendants

15  Yung and Courbanou are subject to dismissal for lack of personal jurisdiction, and,

16  consequently, does not address at this time plaintiff's request for jurisdictional discovery.

17                                                **CONCLUSION**

18   For the reasons stated above, defendants' motion to dismiss is hereby GRANTED

19  and the TAC is hereby DISMISSED with leave to amend to cure the above-noted

20  deficiencies.  Any Fourth Amended Complaint shall be filed no later than March 27, 2009.

21   **IT IS SO ORDERED.**

22

23  Dated:  February 25, 2009

24                                                         MAXINE M. CHESNEY
                                                          United States District Judge

25

26

27  _____

28   [11]In light of such leave, the Court does not address herein defendants' alternative
    arguments in support of dismissal under Rules 9(b) or 12(b)(6).