IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E&E CO., LTD., | No. C-08-0871 MMC |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT** |
| v. | |
| KAM HING ENTERPRISES, INC., et al., | |
| Defendants. | |

Before the Court is the motion, filed April 17, 2009 by defendants Kam Hing Enterprises, Inc., Sunham Home Fashions, LLC (collectively, "Sunham Defendants"), Howard Yung ("Yung") and Arthur Courbanou ("Courbanou"), to dismiss plaintiff's Fourth Amended Complaint ("4AC") pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(2), and 12(b)(6).[1] Plaintiff has filed opposition, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.

## BACKGROUND[2]

The 4AC alleges plaintiff and "certain of defendants" are distributors of "home textile bedding products" and that they purchase such products "primarily from manufacturers in

---

[1] In addition to the above-referenced defendants, the 4AC also names JJ International Trading Company and Mokhing Enterprises, Ltd. as defendants. There is no evidence in the record suggesting either such defendant has been served.

[2] The procedural history of the instant action is set forth in the Court's Order Granting Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint and will not be repeated herein. (See Order filed Feb. 25, 2009 at 2-3.)

China" and sell to retailers in the United States.  (See 4AC ¶ 2.)

Plaintiff further alleges the Sunham Defendants use "shell corporations in China to hide revenue and to evade taxes that should otherwise be paid in the United States."  (See id. ¶ 22.)  According to plaintiff, "[i]n mid-to-late 2002, the Sunham Defendants, with the help of defendants Yung and Courbanou, set up two shell companies," specifically, defendants JJ International Trading Company ("JJ International") and Mokhing Enterprises, Ltd. ("Mokhing"), "which ostensibly serve as middlemen between the Sunham Defendants and manufacturers in China" (see id. ¶ 23), but which "do not perform any services as middlemen or brokers" (see id. ¶ 38(b)).

Plaintiff alleges that "when the Sunham Defendants plan to place a purchase order from a Chinese manufacturer, the Sunham Defendants create two purchase orders, one from the Sunham Defendants to JJ International, which defendant Yung signs using his American name, and one from defendant Mokhing to the manufacturer, which defendant Yung signs using his Chinese name."  (See id. ¶ 29.)  Using this scheme, plaintiff alleges, "[b]etween 2002 and 2005, the Sunham Defendants paid JJ International roughly $210 million for the purchase of goods from Chinese manufacturers, while the actual cost to buy those goods from the manufacturers was approximately 15% less, or approximately $31.5 million less."  (See id. ¶ 34.)  Consequently, according to plaintiff, "the Sunham Defendants underreported their profits by $31.5 million on their 2002-2005 federal tax returns, which resulted in the Sunham Defendants' evasion of over $11 million in corporate income taxes owed" (see id.) and gave the Sunham Defendants "a competitive advantage" whereby they "can undersell competitors such as [plaintiff]" (see id. ¶ 31).[3]

**DISCUSSION**

The California UCL prohibits, inter alia, "any unlawful, unfair, or fraudulent business act or practice."  See Cal. Bus. & Prof. Code § 17200.  "Under its 'unlawful' prong, the UCL

---

[3] Although, in its Third Amended Complaint, plaintiff alleged the Sunham Defendants improperly used a "'first sale' basis for duty on imported goods" (see Third Amended Compl. ¶ 31), that allegation is not repeated in the 4AC.

1 borrows violations of other laws . . . and makes those unlawful practices actionable under
2 the UCL."[4]  See Berryman v. Merit Prop. Mgmt., 152 Cal. App. 4th 1544, 1554 (2007)
3 (internal quotation and citation omitted; alteration in original).  "Thus, a violation of another
4 law is a predicate for stating a cause of action under the UCL's unlawful prong."  Id.

5     Plaintiff alleges the Sunham Defendants have violated the "unlawful" prong of the
6 UCL by violating three federal criminal tax and conspiracy statutes, specifically, 18 U.S.C. §
7 371, 26 U.S.C. § 7201, and 26 U.S.C. § 7206.  (See 4AC ¶ 39.)  Defendants argue
8 plaintiff's allegations are "grounded in fraud," see Vess v. Ciba-Geigy Corp. USA, 317 F.3d
9 1097, 1103 (9th Cir. 2003), and, as such, fail to meet the requirements of Federal Rule of
10 Civil Procedure 9(b), see Fed. R. Civ. P. 9(b) (providing "[i]n alleging fraud or mistake, a
11 party must state with particularity the circumstances constituting fraud or mistake").[5]
12 Defendants additionally argue that the 4AC is subject to dismissal under Federal Rule of
13 Civil Procedure 12(b)(6), for failure to adequately allege violations of each of the above-
14 referenced federal statutes, and that plaintiff's claims against Yung and Courbanou are
15 subject to dismissal under Federal Rule of Civil Procedure 12(b)(2), for lack of personal
16 jurisdiction.

17 **A.   Federal Rule of Civil Procedure 9(b)**

18     Defendants contend plaintiff has failed to comply with Rule 9(b) by failing to explain
19 "'why' the alleged conduct was false or misleading" (see Mot. at 7:11-12), by failing to
20 "provide the specifics required by Rule 9(b) with respect to the identity and content of any
21 alleged misstatements" (see id. at 9:2-3), and by pleading facts on information and belief
22 without providing "the source of that information or reasons for its belief" (see id. at 10:12-
23 13).  Plaintiff, in response, argues that "the information provided in the [4AC] is sufficient to

---

[4] Plaintiff's claims are based solely on the "unlawful" prong of the UCL.  (See Opp'n at 10:17.)

[5] In its Order Granting Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint, the Court found the Third Amended Complaint subject to Rule 9(b).  (See Order filed Feb. 25, 2009 at 6.)  Plaintiff does not dispute that the 4AC likewise is subject to Rule 9(b).

3

1  allow [d]efendants to prepare an answer" and to give them "notice of the particular conduct
2  which is alleged to constitute the fraud" (see Opp'n at 10:1-2), that the 4AC's allegations
3  "that are not based on information and belief provide the requisite detail" (see id. at 13:19-
4  20), and that the "allegations based on information and belief are supported by other
5  specific allegations in the [4AC]" (see id. at 16:8-9).  As set forth below, the Court agrees
6  with defendants that the 4AC fails to meet the requirements of Rule 9(b).

7  　　　　Under Rule 9(b), "[a]verments of fraud must be accompanied by the who, what,
8  when, where, and how of the misconduct charged," and the plaintiff "must set forth what is
9  false or misleading about a statement, and why it is false."  See Vess, 317 F.3d at 1106.
10 Allegations "based on information and belief usually do not satisfy the particularity
11 requirements of Rule 9(b)."  See Moore v. Kayport Package Express, Inc., 885 F.2d 531,
12 540 (9th Cir. 1989).  Although such requirements "may be relaxed as to matters within the
13 opposing party's knowledge," such as in a "case[ ] of corporate fraud," a plaintiff in such a
14 case nevertheless must allege "the misrepresentations themselves with particularity" and, if
15 allegations are made on information and belief, must include "a statement of the facts on
16 which the belief is founded."  See id. (internal quotation and citation omitted).

17 　　　　Here, even assuming, arguendo, plaintiff's allegations made on information and
18 belief are appropriate, plaintiff has failed to sufficiently identify the content of any alleged
19 misrepresentation made to the Internal Revenue Service ("IRS").  Although plaintiff now
20 states an amount by which the Sunham Defendants, over a period of four years, allegedly
21 "underreported their profits" (see 4AC ¶ 34), such allegation remains conclusory in nature.
22 Plaintiff does not identify what any defendant actually stated to the IRS on any particular
23 line in any of the four tax returns at issue, or which of such statements was false.  See,
24 e.g., Moore, 885 F.2d at 540 (finding complaint failed to meet requirements of Rule 9(b)
25 where allegedly fraudulent prospectuses were not "specifically identified as to content, date
26 or author").
27 //
28 //

Accordingly, the Court finds the 4AC fails to meet the requirements of Rule 9(b), and, consequently, the 4AC will be dismissed.[6]

**B.      Federal Rules of Civil Procedure 12(b)(6) and 12(b)(2)**

Because the 4AC will be dismissed for failure to comply with Rule 9(b), the Court does not reach defendants' argument in support of dismissal under Rule 12(b)(6) or defendants' argument that the claims against individual defendants Yung and Courbanou are subject to dismissal for lack of personal jurisdiction under Rule 12(b)(2), and, consequently, the Court likewise does not address plaintiff's request for jurisdictional discovery.

**C.      Leave to Amend**

The Court next considers whether plaintiff should be afforded further leave to amend. The instant pleading represents plaintiff's fifth attempt to plead a viable cause of action, and plaintiff's fourth attempt[7] to set forth its claim under the UCL on the basis of alleged violations of the above-referenced federal statutes. Despite these numerous opportunities, plaintiff has failed to adequately identify any allegedly false statement made by defendants, nor has plaintiff indicated how it would amend the instant pleading, if afforded an opportunity to do so, to cure such deficiency. Under such circumstances, the Court finds further leave to amend is unwarranted. See Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993) (finding dismissal with prejudice "appropriate in light of [plaintiff's] repeated failure to cure the deficiencies in his pleadings").

//
//
//

---

[6] In light of such finding, the Court does not reach defendants' alternative arguments in support of dismissal under Rule 9(b).

[7] Although the Court, in its order dismissing the Second Amended Complaint, described that pleading as plaintiff's first such attempt (see Order filed Nov. 19, 2008 at 9), the instant claim was in fact pleaded in plaintiff's First Amended Complaint ("FAC") (see FAC ¶¶ 46-50).

**CONCLUSION**

For the reasons stated above, defendants' motion is hereby GRANTED, and the 4AC is hereby DISMISSED without further leave to amend.

**IT IS SO ORDERED.**

Dated:  June 5, 2009

MAXINE M. CHESNEY
United States District Judge